IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION, | : |
| Plaintiff | : |
| | : Civil Action No. 02-2677 |
| v. | : |
| BOISE CASCADE CORPORATION, | : |
| Defendant. | : |

## ANSWER

Defendant, Boise Cascade Corporation ("Boise") hereby answers the Complaint filed by CertainTeed Corporation ("CertainTeed") in accordance with the numbered paragraphs thereof, as follows:

1. Boise is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies same.

2. Boise is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies same.

3. Boise admits only that on March 14, 2002, Boise announced that its Timber & Wood Products and Building Materials Distribution business was being renamed "Boise Building Solutions." Boise denies that "Boise Building Solutions" is identical to BUILDING SOLUTIONS, and also denies that Boise's use of "Boise Building Solutions" is likely to cause confusion as to the source or origin or sponsorship of Boise's goods and business and as to any affiliation with CertainTeed. Except as so admitted, Boise denies each and every remaining averment set forth in paragraph 3 of the Complaint.

4. Boise admits that CertainTeed is a Delaware corporation having an address of 750 E. Swedesford Road, Valley Forge, Pennsylvania 19482-0101.

5. Boise admits that Boise is a Delaware corporation having an address of 1111 W. Jefferson Street, Boise, Idaho 83728-0001.

6. Admitted.

7. Boise admits that CertainTeed alleges that this action arises under 15 U.S.C. § 1114 and 15 U.S.C. § 1125, and Boise admits that CertainTeed invokes the jurisdiction of the Court under 15 U.S.C. § 1121, 28 U.S.S. § 1331, and 28 U.S.C. § 1338. The allegations of Paragraph 7 are legal contentions to which no response is required.

8. Admitted.

9. Boise is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies same.

10. Boise is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies same.

11. Boise is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies same.

12. Boise is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies same.

13. Denied.

14. Denied.

15. Boise admits that CertainTeed uses the words "building solutions" in Exhibit A. Boise is without knowledge or information sufficient to form a belief as to whether the materials attached as Exhibit A represent the nature and extent of CertainTeed's use of the words "building solutions."

16. Boise admits that CertainTeed is named as the owner of U.S. Trademark Reg. No. 2,390,753 for the designation BUILDING SOLUTIONS for "preparations of

customized marketing information for others, all relating to building materials, for builders, architects and designers; analysis of electrical power and energy needs of others, consulting services in connection with the design of electrical systems for others." Boise admits that information relating to the registration is listed in Exhibit B. Except as so admitted, Boise denies each and every remaining averment set forth in paragraph 16 of the Complaint.

17. Boise admits that CertainTeed is named as the current owner of U.S. Trademark Reg. No. 1,823,200 for the designation BUILDING SOLUTIONS (and design) for "residential and commercial building construction; namely, carpentry, additions and design consulting," and that, according to the U.S. Patent and Trademark Office ("Trademark Office") records, Section 8 and 15 Affidavits have been accepted and acknowledged by the Trademark Office for this registration. Boise admits that information relating to the registration is listed in Exhibit C. Except as so admitted, Boise denies each and every remaining averment set forth in paragraph 17 of the Complaint.

18. Boise admits that it manufactures, offers for sale, and sells certain construction products. Boise denies that it currently manufactures siding products.

19. Boise admits only that on March 14, 2002, Boise announced that its Timber & Wood Products and Building Materials Distribution business was being renamed "Boise Building Solutions," and that "Boise Building Solutions" is displayed on Boise's website. Boise admits that Exhibit D appears to be pages that were on Boise's web site on April 18, 2002. Except as so admitted, Boise denies each and every remaining averment set forth in paragraph 19 of the Complaint.

20. Boise admits only that CertainTeed demanded that Boise cease and desist from using "building solutions" in connection with goods and services, and that Boise declined to do so. Except as so admitted, Boise denies each and every remaining averment set forth in paragraph 20 of the Complaint.

21. Boise admits only that it has registered as domain names boisebuildingsolutions.com, boisebuildingsolutions.net, and boisebuildingsolutions.org. Except as so admitted, Boise denies each and every remaining averment set forth in paragraph 21 of the Complaint.

22. Boise admits only that it uses the words "building solutions" in connection with its offering of building solutions, and these words are used in their descriptive sense to describe building products and services offered by Boise to help builders solve the problems they face. Except as so admitted, Boise denies each and every remaining averment set forth in paragraph 22 of the Complaint.

23. Denied.

24. Boise admits only that the Boise trade name is appended to the words "building solutions." Except as so admitted, Boise denies each and every remaining averment set forth in paragraph 24 of the Complaint.

25. Boise admits that it was aware of U.S. Trademark Registration No. 2,390,753, a registration that contains the following identification of services: "preparations of customized marketing information for others, all relating to building materials, for builders, architects and designers; analysis of electrical power and energy needs of others, consulting services in connection with the design of electrical systems for others." Boise also admits that it was aware of U.S. Trademark Registration No. 1,823,200, a registration that includes a stylized sunflower design and contains the following identification of services: "residential and commercial building construction; namely carpentry, additions and design consulting." Except as so admitted, Boise denies each and every remaining averment set forth in paragraph 25 of the Complaint.

26. Denied.

27. Denied.

## COUNT I

28.  Boise incorporates by reference paragraphs 1-27 as though fully set forth herein.

29.  Denied.

30.  Denied.

31.  Denied.

32.  Boise is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies same.

33.  Denied.

34.  Denied.

35.  Denied.

## COUNT II

36.  Boise incorporates by reference paragraphs 1-35 as though fully set forth herein.

37.  Denied.

38.  Denied.

39.  Denied.

40.  To the extent CertainTeed uses the phrase "conduction products industry," Boise is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and therefore denies same. To the extent CertainTeed intended to use the phrase "construction products industry," Boise denies each and every averment set forth in Paragraph 40 of the Complaint.

41.  Denied.

42.  Denied.

43.  Boise admits only that CertainTeed does not and cannot exercise control over the nature and quality of the products provided and business conducted by Boise.

Except as so admitted, Boise denies each and every remaining averment set forth in paragraph 43 of the Complaint.

    44.    Denied.

    45.    Denied.

## PRAYER FOR RELIEF

    46.    Boise denies that CertainTeed is entitled to any of the relief for which it prays, and denies all other allegations contained in CertainTeed's prayer for relief. Specifically, Boise denies all allegations contained in Paragraphs 1 through 7 of the prayer for relief of CertainTeed's Complaint.

    47.    Except as specifically admitted, Boise denies each and every allegation in CertainTeed's Complaint. Boise reserves the right to amend this answer based on further investigation and discovery.

## AFFIRMATIVE DEFENSES

Boise further answering the Complaint alleges that:

### First Affirmative Defense

    48.    CertainTeed's complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

    49.    CertainTeed's BUILDING SOLUTIONS and BUILDING SOLUTIONS (and design) designations are merely descriptive.

### Third Affirmative Defense

50.  CertainTeed's BUILDING SOLUTIONS and BUILDING SOLUTIONS (and design) designations have not acquired distinctiveness or secondary meaning.

### Fourth Affirmative Defense

51.  Infringement, if proven to the trier of fact, was innocent, and Boise did not willfully infringe upon any CertainTeed's trademark rights.

### Fifth Affirmative Defense

52.  Boise's use of the phrase "building solutions" is a fair use, as the phrase is not used in a trademark sense but to merely describe Boise's products and services.

### Sixth Affirmative Defense

53.  CertainTeed's BUILDING SOLUTIONS and BUILDING SOLUTIONS (and design) designations are not "trademarks" but are generic names for their related goods and/or services.

### Seventh Affirmative Defense

54.  CertainTeed is not entitled to trademark protection for the phrase BUILDING SOLUTIONS.

### Eighth Second Affirmative Defense

55. CertainTeed's claims are barred, in whole or in part, by the doctrine of acquiescence and/or consent.

### Ninth Affirmative Defense

56. CertainTeed has not, and will not, suffer irreparable harm.

### Tenth Affirmative Defense

57. CertainTeed's claim for injunctive relief is barred, in whole or in part, by delay.

### Eleventh Affirmative Defense

58. There is no likelihood of confusion as to source between CertainTeed's goods and/or services offered or sold under BUILDING SOLUTIONS and BUILDING SOLUTIONS (and design) and Boise's products and/or services bearing or sold under the "Building Solutions" name.

### Twelfth Affirmative Defense

59. CertainTeed's BUILDING SOLUTIONS trademark is weak due to extensive third party use.

### Thirteenth Affirmative Defense

60. The phrase "Building Solutions" has been commonly used in the public domain, and is not unique to, nor does it indicate source of products from CertainTeed.

### Fourteenth Affirmative Defense

61. Trademark Registration No. 2,390,753 is invalid.

### Fifteenth Affirmative Defense

62. Trademark Registration No. 1,823,200 is invalid.

63. Boise reserves the right to assert additional affirmative defenses based on further investigation and discovery.

### FIRST COUNTERCLAIM

### DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT

64. The averments of paragraphs 47-63 are incorporated by reference as if the same were set forth in full.

65. This is a counterclaim arising under the Lanham Act, 15 U.S.C. 1051, et seq. Jurisdiction in this court is based on 28 U.S.C. §1338(a), 2201, and 2203.

66. An actual controversy exists between the parties as to the infringement and validity of Trademark Registration Nos. 2,390,753 and 1,823,200.

67. Boise's use of the words "building solutions" in interstate commerce in connection with building products and services does not infringe any trademark rights of CertainTeed, or falsely designate the origin of Boise's goods and services.

68. CertainTeed has no trademark rights in the words "building solutions" for building products or services.

69. CertainTeed's federal registration for "building solutions," U.S. Trademark and Service Mark Registration No. 2,390,753, is not for building products or building services.

70. The term "building solutions," when used in connection with building products and services, is generic and/or merely descriptive.

71. On information and belief, myriad business entities use the words "building solutions" in interstate commerce to describe building products and services they offer.

72. The building products and services offered by Boise help solve problems faced by builders. They are aptly described by the words "building solutions."

73. In using the words "building solutions" in connection with its offering of building solutions, Boise uses the words in their descriptive sense, which is a fair use under the Trademark Law.

74. By virtue of the high quality and professional delivery of building products and solutions under the BOISE mark, Boise's BOISE mark has come to be known as representing the building solutions of Boise.

75. To identify itself to customers as the source and sponsor of its building solutions, **Boise** prominently uses its well-known trademark "BOISE," not the words "building solutions."

76. Boise's use of the words "building solutions" has not created a likelihood of confusion vis-à-vis the building solutions offered by CertainTeed.

77. There is an actual controversy between Boise and CertainTeed as to Boise's right to describe its offerings using the words "building solutions," in interstate commerce in connection with building solutions, and as to CertainTeed's alleged trademark rights in the words "building solutions" when used, e.g., in connection with the offering of building products and services to customers.

## SECOND COUNTERCLAIM

## CANCELLATION OF TRADEMARK REGISTRATION

78. The averments of paragraphs 47-77 are incorporated by reference as if the same were set forth in full herein.

79. This is a counterclaim for federal trademark cancellation under the Lanham Act, 15 U.S.C. 1051, et seq. Jurisdiction in this court is based on 28 U.S.C. §1338(a), 2201, and 2203.

80. CertainTeed purports to own U.S. Trademark and Service Mark Registration No. 2,390,753, issued October 3, 2000, on an application filed February 26, 1998, on "Building Solutions" for "preparations of customized marketing information for others, all relating to building materials, for builders, architects and designers" and for "analysis of electrical power and energy needs of others, consulting services in

connection with the design of electrical systems for others" (hereinafter "the Asserted Registration").

81. CertainTeed has alleged that Boise's use of "building solutions" in connection with its building solutions violates the Asserted Registration. Boise denies any such infringement.

82. In view of CertainTeed's reliance on the Asserted registration in challenging Boise's right to use the words "building solutions" to describe its distribution and sale of building solutions in interstate commerce, Boise has been and is likely to be damaged by CertainTeed's continued registration of the Asserted Registration.

83. The alleged mark registered by the Asserted Registration is generic and/or merely descriptive (and without secondary meaning) for the goods and services of CertainTeed alleges are within the scope of this registration.

WHEREFORE, Boise requests:

1. That the court enter a declaratory judgment that:

    a. Boise may use the words "building solutions" in interstate commerce in connection with building products and services.

    b. Boise has not infringed any trademark right of CertainTeed.

    c. CertainTeed has no trademark rights in the words "building solutions" for building products or services.

2. That the Court enter a judgment ordering the cancellation of CertainTeed's U.S. Trademark and Service Mark Registration No. 2,390,753, pursuant to 15 U.S.C. § 1119.

3.  That the Court dismiss the Complaint of CertainTeed, with prejudice.

4.  That the Court award to Boise its costs and reasonable attorneys fees; and

5.  That the Court award Boise such other relief as is just and proper.

Dated: June 18, 2002

*[signature]*
John P. Donohue, Jr., Esquire
Thomas D. Smith, Esquire
Denise I. Mroz, Esquire
WOODCOCK WASHBURN LLP
One Liberty Place - 46th Floor
17th and Market Streets
Philadelphia, PA 19103
(215) 568-3100

## CERTIFICATE OF SERVICE

I, Catherine M. Branka, hereby certify that a true and correct copy of the foregoing Answer with Affirmative Defenses and Counterclaims was served, via hand delivery, on this 18th day of June, 2002, upon the following attorney:

> Roberta Jacobs-Meadway, Esquire
> Ballard Spahr Andrews & Ingersoll, LLP
> 1735 Market St., 51st Floor
> Philadelphia, Pa 19103

*Catherine M. Branka*
Catherine M. Branka
Legal Assistant