

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CERTAINTEED CORPORATION,** : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 02-2677 |
| v. : | |
| : | THE HON. WILLIAM H. YOHN |
| **BOISE CASCADE CORPORATION,** : | |
| : | |
| Defendant. : | |
| : | |

# ORDER

AND NOW, this _____ day of _____, 2003, it is hereby ORDERED that Plaintiff's Motion To Preclude The Proposed Testimony And Expert Report Of Manny D. Pokotilow is GRANTED and Defendant is precluded from offering at trial, referring to, or relying upon the report of Mr. Pokotilow or the testimony of Mr. Pokotilow.

BY THE COURT:

_____
YOHN, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION,       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | Civ. Action No. 02-2677 |
| v.       ) | |
| ) | Hon. William H. Yohn |
| BOISE CASCADE CORPORATION,    ) | |
| ) | |
| Defendant.       ) | |

## MOTION TO PRECLUDE THE PROPOSED TESTIMONY AND EXPORT REPORT OF MANNY D. POKOTILOW

Plaintiff CertainTeed Corporation ("CertainTeed") hereby moves to preclude Defendant Boise Cascade Corporation's ("Boise") proposed expert report and testimony of Manny D. Pokotilow. The grounds for this motion are set forth in full in the accompanying Memorandum of Law.

Expert discovery in this case is set to close June 1.

Respectfully submitted,

Roberta Jacobs-Meadway
Lynn Rzonca
Richard E. Pierce
Kyrus L. Freeman
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215-665-8500
Attorneys for Plaintiff

Dated: May 2, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. Action No. 02-2677 |
| v. ) | |
| ) | Hon. William H. Yohn |
| BOISE CASCADE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PRECLUDE THE PROPOSED TESTIMONY AND EXPERT REPORT OF MANNY D. POKOTILOW

Defendant has offered Manny D. Pokotilow as a legal expert in this trademark infringement case. Mr. Pokotilow proposes to testify about:

1. U.S. Patent and Trademark Office ("PTO") practice and procedure;

2. the strength of Plaintiff's "BUILDING SOLUTIONS" mark;

3. Defendant's use of the mark "BOISE BUILDING SOLUTIONS;" and

4. whether Defendant's use infringes Plaintiff's rights in its BUILDING SOLUTIONS trademark.[1]

None of these matters are the subject of proper expert testimony. All of them would simply waste the Court's time.

There is no need for expert testimony about PTO practice and procedure—the records of Plaintiff's trademark filings and the PTO's responses will all be in evidence. This Court is perfectly capable of understanding those files without an expert.

It is the job of counsel in this case to point out to the Court and argue the significance of any specific facts and the application of the law to those facts. The Court will then make its decisions. Expert testimony is unnecessary because the law and the legal issues that must be decided in this case are the province of only one expert: this Court.

---

[1] Expert Report of Manny D. Pokotilow, Esq., April 25, 2003 ("Pokotilow Rpt.") at 2, attached as Ex. A.

The Pokotilow Report and testimony fail to meet the requirements of Federal Rule of Evidence 702 and the governing cases. They are diversions based on ignorance of the basic facts of this case, and they should be precluded.

## I. Brief Background and Case Status

This is a trademark dispute about use of the mark BUILDING SOLUTIONS. Plaintiff, CertainTeed Corporation ("CertainTeed") has for more than ten years used the mark BUILDING SOLUTIONS in connection with building products and marketing programs directed to the building and construction industry. CertainTeed owns two federal trademark registrations for the term BUILDING SOLUTIONS.

In March 2002 Defendant, Boise Cascade Corporation ("Boise"), announced a company-wide rebranding effort that included renaming its Building Materials Division to "BOISE BUILDING SOLUTIONS." When Boise refused to cease use of the term BUILDING SOLUTIONS, CertainTeed filed this action, asserting various Lanham Act claims. Boise has since continued to use the term BOISE BUILDING SOLUTIONS on its website and its advertising and promotional material.

Pursuant to the Court's Scheduling Order, the parties exchanged expert reports on April 25. Mr. Pokotilow's Report is one of five submitted by Boise. Expert discovery closes June 1.

## II. The Standards For Admissible Expert Testimony Under Evidence Rule 702 and *Daubert*

Expert testimony is only admissible if it meets the requirements of Federal Rule of Evidence 702. That rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (2003).

The Supreme Court has issued clear standards for assessing when expert testimony—scientific or otherwise—should be precluded. Trial courts must determine whether the proposed expert "is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592 (1993). The trial court is to "ensure that any and all scientific testimony or evidence admitted is not only

2

relevant, but reliable." Id. at 589. See also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147-48 (1999).

The Third Circuit interprets the *Daubert* standard to require the offering party to demonstrate that its proposed expert witness is:

1. *Qualified:* the witness must have sufficient qualifications in the form of knowledge, skills, and training;
2. *Reliable:* the expert testimony must be grounded in testable, reliable methods and procedures, rather than subjective belief or unsupported speculation; and
3. *Fits the case:* testimony must assist the trier of fact with the particular facts of the case.

Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-43 (3rd Cir. 1994). The party offering the expert must show that the testimony meets these three requirements. See Oddi v. Ford Motor Co., 234 F.3d 136, 144 (3rd Cir. 2000).

As established below, the Pokotilow Report and proposed testimony does not meet these requirements and should be excluded.

### III. The Proposed Pokotilow Report and Testimony Does Not Meet the Standards

#### A. There Is No Need for "Expert" Testimony About PTO Practice and Procedure. It's Not at Issue Here.

Pages 6 through 16 of the Pokotilow Report are a narrative of the proceedings before the PTO on CertainTeed's trademark applications and registrations, followed by a discussion of the results of Mr. Pokotilow's search of the PTO records for marks including the term SOLUTIONS. See Pokotilow Rpt. at 6-16. None of this is the subject of proper expert testimony, nor is it relevant. PTO practice and procedure is simply not at issue in this case. This is not a case where a party claims another party missed a deadline in the PTO, or failed to submit acceptable specimens of use.

There is no need for Mr. Pokotilow to "explain" to the Court what happened before the PTO. All of the application and registration files will be in evidence. This Court can easily understand those files by reading them. Any applicable PTO rules are available and can be put into evidence and reviewed by this Court. Counsel for the parties will make their arguments about the application of the law to the facts. The Court will then decide.

Mr. Pokotilow also proposes to testify about a search of the PTO records he conducted for the term "Solutions." See Pokotilow Rpt. at 14-16. He proposes to opine on certain cases in which the PTO required the term "Solutions" to be disclaimed. Id. This proposed testimony, too, would also just waste this Court's time. The term "Solutions" is disclaimed in some, but by no means all or most of the registrations Mr. Pokotilow cites. Disclaimers may be entered based

3

on many factors, including the fact that applicants do not always understand what a disclaimer is, or that they have the right to object to the PTO's request for a disclaimer. Each case is to be looked at on its own merits. This is not a case where a party is claiming trademark rights in terms like "e-fashion" or "e-ticket," for which the PTO has set a specific standard of examination. See Trademark Manual of Examining Procedure § 1209.03(d). Mr. Pokotilow's proposed review of countless third party registrations for marks that are not at issue here and for products and services that are not at issue here is a wholesale distraction, waste of time, and confusion of the issues. The proposed testimony should be precluded under Evidence Rule 403 alone.

This Court is well-capable of understanding CertainTeed's PTO files, any PTO rules, and any interpretive cases. Nothing more is needed. The proposed testimony fails to meet the threshold requirements of Evidence Rules 702 and 403, and the Third Circuit's standards for admissibility of expert testimony. It should be precluded.

### B. Mr. Pokotilow's Proposed Opinions on Strength of the Mark, Fair Use, and Likelihood of Confusion Should Be Precluded. They Are Improperly Directed to Legal Issues This Court Will Decide.

Mr. Pokotilow also proposes to offer an expert opinion on the strength of CertainTeed's BUILDING SOLUTIONS mark, the issue of fair use, and the issue of likelihood of confusion. On page 18-21 of the Report, Mr. Pokotilow provides a short summary of the law of descriptiveness, and his views of the strength of CertainTeed's BUILDING SOLUTIONS mark. On pages 21-22 he discusses the law of fair use. Finally, on pages 22-26 of the Report, Mr. Pokotilow discusses how he thinks the Third Circuit's likelihood of confusion factors should apply in this case.

None of these expositions on the law is a proper subject of expert testimony. Courts do not permit expert opinions on questions of law—in a trial there is only one legal expert, and that is the judge. See Pivot Point Int'l v. Charlene Prods., Inc., 932 F. Supp. 220, 225 (N.D. Ill. 1996) (precluding expert testimony on legal issue of whether products were copyrightable). Indeed, courts preclude attorneys from opining on questions properly addressed by the court and fact finder. For example in Earle M. Jorgensen Co. v. T.I. United States Ltd., No. 90-2024, 1992 WL 331466 (E.D. Pa. Nov. 3, 1992), the trial court excluded the proposed expert testimony of two attorneys about (a) the plaintiff's legal duty to report an issue to an administrative agency, and (b) the agency's practices and procedures Id. at *1. The court excluded the testimony because it was unnecessary and irrelevant, invading the province of the Court and jury. Id. at *2.

Mr. Pokotilow's proposed testimony is similarly unnecessary and irrelevant, and invades the province of this Court. Mr. Pokotilow is not a survey expert. Mr. Pokotilow did not conduct any surveys about the strength of that mark. Although he refers to alleged third party uses of the term "Building Solutions," he does not state that he possessed (a) any first-hand knowledge of whether any of the entities was actually using the term, or (b) any first-hand knowledge of the field in which any actual use was occurring. In short, Mr. Pokotilow has no familiarity with the nature and extent of third-party use of the term "Building Solutions." He has no information or

background that would allow him to opine on whether the term "Building Solutions" is descriptive. He certainly has no background in the building and construction industry.

For all of these reasons, the proposed testimony is improper and fails to meet the requirements of Evidence Rule 702 and the Third Circuit's requirements for proper expert testimony. This Court does not need Mr. Pokotilow's legal assistance or speculation.

### C.    The Proposed Opinion is Based on Erroneous Information

It is clear from the Pokotilow Report that the opinion is based on a number of factual inaccuracies. For example, Mr. Pokotilow states on page 3 of his Report that he understands that CertainTeed always uses the words CERTAINTEED and BUILDING SOLUTIONS together. See Pokotilow Rpt. at 3. That is false, and shown so by evidence in this case that was apparently not shared with Mr. Pokotilow. For example, CERTAINTEED has numerous brochures and other forms of advertisements in which the terms CERTAINTEED and BUILDING SOLUTIONS are not connected. (See Sample Advertisements, attached as Ex. B.)

Another factual error relates to Mr. Pokotilow's understanding about whether CertainTeed is using the mark BUILDING SOLUTIONS as shown in its U.S. Trademark Registration No. 1,823,200. Mr. Pokotilow stated, "[I]t does not appear that CertainTeed is using the mark BUILDING SOLUTIONS with a sunflower nor it is using the words BUILDING SOLUTIONS for residential and commercial building construction; namely carpentry, additions and design consulting." Pokotilow Rpt. at 3.

This statement is also false and shown so by the evidence in the case, which was apparently not provided to Mr. Pokotilow. CertainTeed is using the mark of the '200 Registration through its licensee, Mr. Letovsky. Mr. Letovsky assigned the '200 registration to CertainTeed in 1998. He continues to use the mark under license from CertainTeed. According to U.S. trademark law, use by a licensee enures to the benefit of the licensor. See 15 U.S.C. §§ 1055, 1127 (use by a related company inures to the benefit of the registrant; related company includes any person whose use of the mark is controlled by the mark's owner). Thus it is untrue that CertainTeed is not using the mark of the '200 registration for residential and commercial building construction.

Indeed, Boise deposed Mr. Letovsky in this case on April 10—well prior to the date of Mr. Pokotilow's report. Mr. Letovsky testified that he uses the mark BUILDING SOLUTIONS with and without the flower design, and has always done so. (See Letovsky Dep. at 17, 18, 136 attached as Ex. C.) Mr. Letovsky assigned all of his rights in the mark and the goodwill associated therewith, including the '200 registration, to CertainTeed. (See Assignment, attached as Ex. D.) He is currently using the mark under license from CertainTeed. (See Letovsky Dep. at 10-11, 15, 112-13.) Thus Mr. Pokotilow's statement in his proposed opinion that CertainTeed is not using the mark of the '200 registration is proven false.

These are two glaring examples of the inaccuracies on which Mr. Pokotilow's opinion and Report are based. They are diversions based on ignorance of the basic facts of this case, and

5

they establish that the Report and testimony fail to meet the requirement of Rule 702 that an opinion be based on "sufficient facts and data." The proposed testimony is of no use to the Court, and it should be precluded.

## IV. Conclusion

Mr. Pokotilow's proposed testimony is improper, adds nothing to this case, and would simply waste this Court's time. Accordingly, CertainTeed asks the Court to preclude Mr. Pokotilow's proposed testimony and expert report.

Respectfully submitted,

Roberta Jacobs-Meadway
Lynn Rzonca
Richard E. Pierce
Kyrus L. Freeman
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215-665-8500

Dated: May 2, 2003

Attorneys for Plaintiff

6