IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION, )<br>)<br>Plaintiff, )<br>) | |
| ) | Civ. Action No. 02-2677 |
| v. ) <br> ) | Hon. William H. Yohn |
| BOISE CASCADE CORPORATION, )<br>) | |
| Defendant. ) | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PRECLUDE THE EXPERT REPORT AND PROPOSED TESTIMONY OF TONY SPAETH

In this trademark infringement action, Defendant has offered Tony Spaeth as an expert to testify about his thoughts on use of the term "Solutions" in commerce—in general, not in association with any other particular term, and not in any specific field.[1]

The proposed Spaeth testimony should be precluded. It does not meet the standards for admissible expert testimony. It will not assist the fact finder because it is not directed to the issues in this case. It is merely the speculation of Mr. Spaeth, based on internet searching he conducted and nothing more. His report does provide the basis and reasons for the conclusions reached.

For all of these reasons, the proposed testimony and report is an improper time-waster, and should be precluded.

**I. Brief Background and Case Status**

This is a trademark dispute about use of the mark BUILDING SOLUTIONS. Plaintiff, CertainTeed Corporation ("CertainTeed") has for more than ten years used the mark BUILDING

---

[1] Expert Report of Tony Spaeth, April 23, 2003 ("Spaeth Rpt.") at 1, attached as Exhibit A.

SOLUTIONS in connection with building products and marketing programs directed to the building and construction industry. CertainTeed owns two federal trademark registrations for the term BUILDING SOLUTIONS.

In March 2002 Boise announced a company-wide rebranding effort that included renaming its Building Materials Division to "BOISE BUILDING SOLUTIONS." When Boise refused to cease use of the term BUILDING SOLUTIONS, CertainTeed filed this action, asserting various Lanham Act claims. Boise has since continued to use the term BOISE BUILDING SOLUTIONS on its website and its advertising and promotional material.

Pursuant to the Court's Scheduling Order, the parties exchanged expert reports on April 25. Mr. Spaeth's Report is one of five submitted by Boise. Expert discovery closes June 1.

## II. Admission of Expert Testimony Under Evidence Rule 702, *Daubert*, and Rule 26 of the Federal Rules of Civil Procedure.

Expert testimony is only admissible if it meets the requirements of Federal Rule of Evidence 702.[2] The Supreme Court has issued clear standards for assessing when expert testimony—scientific or otherwise—should be precluded. Trial courts must determine whether the proposed expert "is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592 (1993). The trial court is to "ensure that any and all scientific testimony or

---

[2] Fed. R. Evid. 702 provides: If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

2

evidence admitted is not only relevant, but reliable." Id. at 589. See also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147-48 (1999).

The Third Circuit interprets the *Daubert* standard to require the offering party to demonstrate that:

1. the proposed expert is Q*ualified:* the witness must have sufficient qualifications in the form of knowledge, skills, and training;

2. the proposed testimony is *Reliable:* the expert testimony must be grounded in testable, reliable methods and procedures, rather than subjective belief or unsupported speculation; and

3. the proposed testimony *Fits the case:* testimony must assist the trier of fact with the particular facts of the case.

Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-43 (3d Cir. 1994).

It is the burden of the party offering the expert testimony to establish these three requirements. See Oddi v. Ford Motor Co., 234 F.3d 136, 144 (3d Cir. 2000). As established below, the Spaeth Report and proposed testimony does not meet these requirements and should be excluded.

Moreover, Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires that an expert's report not only state his opinions, but also that the report state "the basis and reasons therefore." See Salgado v. General Motors Corp., 150 F.3d 735, 741-42 n.6 (7th Cir. 1998) (Rule 26(a) reports must explain how and why an expert reached a particular conclusion, not merely the expert's conclusory opinion).

**III. The Proposed Spaeth Report and Testimony Does Not Meet the Standards**

    **A. Mr. Spaeth's Report is Not Reliable and Does Not Adequately Set Forth the Basis and Reasons for His Conclusions.**

The heart of Mr. Spaeth's expert report is that the term "Solutions" has become generally accepted in commerce to describe the services that various businesses provide. See Spaeth Rpt.

3

at 1-2.  Mr. Spaeth bases this conclusion on how he has "seen the word" used and the results of various internet searches he performed.  <u>Id.</u>  However, much more is required to constitute an admissible expert opinion.  An expert must apply appropriate "methods and procedures," as opposed to merely basing his conclusions on "'subjective beliefs or unsupported speculation.'"  <u>Heller v. Shaw Indus., Inc.</u>, No. Civ. A. 95-7657, 1997 WL 535163 at *7 (E.D. Pa. Aug. 8, 1997)(J. Yohn).

      Mr. Spaeth's entire report is based on subjective beliefs and unsupported speculation.  For example, the entire first page of his report cites not one source of authority to support any of his conclusions.  <u>See</u> Spaeth Rpt. at 1.  Another example of Mr. Spaeth's unsupported conclusions is found in the last sentence of his report, where, without referring to any source material, he concludes, "Finally, because 'Boise Building Solutions' would never appear (or be spoken) without its 'Boise' branding, without which it has no utility, the chance of marketplace confusion with a CertainTeed offering however named is zero."  Spaeth Rpt. at 2.  There is absolutely nothing in Mr. Spaeth's report, or included in the materials he relied upon, which indicates how Boise currently uses its mark or how it intends to use such mark in the future.  There is absolutely nothing in Mr. Spaeth's report, or included in the materials he relied upon, in which Boise makes any commitment about how it, or others, will use the marks.  Accordingly, it follows that there is no support for the conclusion that the term will "never appear (or be spoken)" in a certain manner—much less that there will be no confusion engendered by its use.

      Mr. Spaeth has neither adequately provided the basis and reasons for his conclusions, as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, nor has he explained how his experience is reliably applied to the facts and leads to the conclusions he reached, or why such experience is a sufficient basis for his opinion.  In the words of the Advisory Committee

4

Notes, "The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" Fed. R. Evid. 702, Advisory Committee Note, citing <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 43 F.3d 1311, 1319 (9th Cir. 1995) (the presentation of an experts qualifications, their conclusions and their assurances of reliability is insufficient under *Daubert*).

### B. Mr. Spaeth's Report is Not Based on Reliable Methods or Procedures

To the extent Mr. Spaeth conducted research to support his conclusions, it is clear that the methodology he used is flawed. First, the Hoover, Dun & Bradstreet, and Google searches he conducted were all based on the term "Solutions." <u>See</u> Spaeth Rpt. at 2. However, the trademark at issue in this case is not "Solutions," but rather is "BUILDING SOLUTIONS." Plaintiff is not asserting any trademarks in the term "Solutions" standing alone, but is rather enforcing its registered, trademark rights in the term "BUILDING SOLUTIONS." Indeed, CertainTeed's "BUILDING SOLUTIONS" trademark is a double entendre, and as such is suggestive. As such, its terms cannot be dissected and examined individually, but rather must be assessed as a whole.

Any discussion of the general use of the term "Solutions" does not provide information about Plaintiffs' trademark "BUILDING SOLUTIONS" in the building and construction industry.

"[T]he facts and data upon which an expert relies in reaching a conclusion must be of a type reasonably relied upon in the particular field." <u>Heller v. Shaw Indus., Inc.</u>, No. Civ. A. 95-7657, 1997 WL 535163 at *7 (E.D. Pa. Aug. 8, 1997)(J. Yohn). However, Mr. Spaeth's report, and his search results, cannot reasonably be relied upon in this trademark dispute. The Spaeth report:

- does not explain how the search was conducted;
- does not present the entire results of his searches;

5

- does not indicate what was excluded;
- does not indicate what was not searched and the rationale for making such exclusions;
- does not indicate which industries the search included and the rationale for including or excluding such industries;
- does not indicate whether the companies were using the term as a trademark, trade name, service mark, or other usages analogous to trademark usage;
- does not indicate the extent to which the mark is utilized; and
- does not describe the companies' size or the geographic scope of their business.

These shortcomings demonstrate that Mr. Spaeth's methodology is not reliable, and thus the report should be excluded. Indeed, Mr. Spaeth's "representative" sample of search results reveals that many of the entities, such as Micro Solutions and Integrated Computer Solutions are not in the building and construction industry, or in any way relevant to the use of the term in the context of this proceeding. See Spaeth Rpt. at 2.

Perhaps realizing the error of a generic search for the term "solutions," Mr. Spaeth also ran a search for the terms "building" and "solutions." Id. However, this search also fails to address and correct the deficiencies outlined above. Moreover, a cursory review of his attached search results reveals that many of the entities do not use the term "Building Solutions," but rather some combination thereof, such as "Building One SVC Solutions" and "Building Safety Solutions." As with the "solutions" search results, any disjointed use of the terms "building" and "solutions" has no bearing whatsoever on the issue of whether Defendant's use of the mark "BOISE BUILDING SOLUTIONS" infringes upon Plaintiffs rights in its "BUILDING SOLUTIONS" trademark.

## IV. Conclusion

Mr. Spaeth's proposed expert report and testimony do not meet the requirements of Federal Rule of Evidence 702 or Federal Rule of Civil Procedure 26. Accordingly, CertainTeed asks the Court to exclude Mr. Spaeth's proposed testimony and expert report.

Respectfully submitted,

_____
Roberta Jacobs-Meadway
Lynn Rzonca
Richard E. Pierce
Kyrus L. Freeman
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215-665-8500

Dated: May 5, 2003          Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CERTAINTEED CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civ. Action No. 02-2677** |
| v. | ) | |
| | ) | **Hon. William H. Yohn** |
| **BOISE CASCADE CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# **ORDER**

It is hereby ORDERED that Plaintiff's Motion To Preclude The Expert Report And Proposed Testimony Of Tony Spaeth is GRANTED and Defendant is precluded from offering at trial, referring to, or relying upon the report of Mr. Spaeth or the testimony of Mr. Spaeth.

BY THE COURT:

_____
YOHN, J.

Dated this _____ day of _____ 2003.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CERTAINTEED CORPORATION,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**BOISE CASCADE CORPORATION,** )<br>)<br>Defendant. ) | Civ. Action No. 02-2677<br><br>Hon. William H. Yohn |

**MOTION TO PRECLUDE THE EXPERT REPORT AND PROPOSED TESTIMONY OF TONY SPAETH**

Plaintiff CertainTeed Corporation hereby moves to preclude Defendant Boise Cascade Corporation's proposed expert report and testimony of Tony Spaeth. The grounds for this motion are set forth in full in the accompanying Memorandum of Law. Expert discovery in this case is set to close June 1.

Respectfully submitted,

_____
Roberta Jacobs-Meadway
Lynn Rzonca
Richard E. Pierce
Kyrus L. Freeman
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215-665-8500

Dated: May 5, 2003                    Attorneys for Plaintiff

PHL_A #1748350 v1