IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION,      )<br>                                                              )<br>            Plaintiff,                            )<br>                                                              )<br>    v.                                                   )<br>                                                              )<br>BOISE CASCADE CORPORATION, )<br>                                                              )<br>            Defendant.                        ) | Civ. Action No. 02-2677<br><br>Hon. William H. Yohn |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PRECLUDE
THE EXPERT REPORT AND PROPOSED TESTIMONY OF
<u>MICHAEL A. STEPNOWSKI</u>**

Defendant, Boise Cascade Corporation ("Boise"), has offered Michael A. Stepnowski as an expert in this trademark infringement case. According to Mr. Stepnowski's Expert Report, he proposes to opine on four topics:

Topic #1:   how contractors buy building materials;

Topic #2:   his personal knowledge of the term "Building Solutions;"

Topic #3:   his personal knowledge of products bearing the term "Building Solutions;" and

Topic #4:   whether multiple users of the term "would likely cause confusion as to a product's identity."[1]

Mr. Stepnowski's Report and proposed testimony does not meet the standards of Federal Rule of Evidence 702 and should be excluded. The issues addressed by the Report do not implicate the need for any "specialized skill or knowledge," and the proposed expert and his testimony lack the qualifications, reliability, and applicability to the case required under Federal Rule of Evidence 702.

---

[1] Expert Report of Michael A. Stepnowski, April 23, 2003 ("Stepnowski Rpt.") at 1, attached as Ex. A.

I.   **Brief Background and Case Status**

This is a trademark dispute about use of the mark BUILDING SOLUTIONS.  Plaintiff, CertainTeed Corporation ("CertainTeed") has for more than ten years used the mark BUILDING SOLUTIONS in connection with building products and marketing programs directed to the building and construction industry.  CertainTeed owns two federal trademark registrations for the term BUILDING SOLUTIONS.

In March 2002 Boise announced a company-wide rebranding effort that included renaming its Building Materials Division to "BOISE BUILDING SOLUTIONS."  When Boise refused to cease use of the term BUILDING SOLUTIONS, CertainTeed filed this action, asserting various Lanham Act claims.  Boise has since continued to use the term BOISE BUILDING SOLUTIONS on its website and its advertising and promotional material.

Pursuant to the Court's Scheduling Order, the parties exchanged expert reports on April 25.  Mr. Stepnowski's Report is one of five submitted by Boise.

Expert discovery closes June 1.

II.   **The Standards For Admissible Expert Testimony Under Evidence Rule 702 and *Daubert***

Expert testimony is only admissible if it meets the requirements of Federal Rule of Evidence 702.  That rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (2003).

The Supreme Court has issued clear standards for assessing when expert testimony—scientific or otherwise—should be precluded. Trial courts must determine whether the proposed expert "is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592 (1993). The trial court is to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Id. at 589. See also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147-48 (1999).

The Third Circuit interprets the *Daubert* standard to require the offering party to demonstrate:

1. the proposed expert is Q*ualified:*  the witness must have sufficient qualifications in the form of knowledge, skills, and training;

2. the proposed testimony is *Reliable:*  the expert testimony must be grounded in testable, reliable methods and procedures, rather than subjective belief or unsupported speculation; and

3. the proposed testimony *Fits the case:*  testimony must assist the trier of fact with the particular facts of the case.

See Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-43 (3d Cir. 1994).

The party offering the testimony must show that it meets these three requirements. See Oddi v. Ford Motor Co., 234 F.3d 136, 144 (3d Cir. 2000). As established below, the Stepnowski Report and proposed testimony does not meet these requirements and should be excluded.

### III. The Proposed Stepnowski Report and Testimony Does Not Meet the Standards

#### A. Mr. Stepnowski Is Not Sufficiently Qualified

Mr. Stepnowksi is a principal in a mid-sized, family-run, general contracting business that serves the Delaware Valley. Mr. Stepnowski is also involved in a trade organization. He has no special skill or knowledge that qualify him as an expert on any material issue in this case.

He has not published any articles or papers (on any topic) within the past ten years. He has not testified as an expert witness in the last four years. He has not identified any educational background that qualifies him as an expert.

Although in some situations experience alone may qualify one as an expert, there has been no such showing here. As explained in the Advisory Committee Note to Rule 702, a witness who attempts to qualify as an expert based on experience alone must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. In the words of the Committee, "The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" Advisory Committee Note to Fed. R. Evid. 702, citing <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 43 F.3d 1311, 1319 (9th Cir. 1995).

Mr. Stepnowski's expert report fails to describe how his experience as a general contractor and his activities in trade associations will assist the trier of fact with the particular facts of the case. It does not meet the *Daubert* requirements because it does not explain how his experience leads to the conclusion reached, why that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. For this reason, it should be excluded.

      **B.**    **Mr. Stepnowski Did Not Use Any Reliable Methods or Procedures**

"[T]he facts and data upon which an expert relies in reaching a conclusion must be of a type reasonably relied upon in the particular field." <u>Heller v. Shaw Indus., Inc.</u>, No. Civ. A. 95-7657, 1997 WL 535163 at *7 (E.D. Pa. Aug. 8, 1997)(J. Yohn). Mr. Stepnowski's report fails to meet this standard.

Mr. Stepnowksi bases his opinion on an internet search he performed on April 9, 2003. Rpt. at 2. But that is all that is known about the search. Mr. Stepnowski admits that he failed to

record how many results were found in that search.  He also fails to provide other critical information necessary to determine the reliability of his methods or procedures.  His opinion and report:

- does not explain how the search was conducted;
- does not present the entire results of his searches;
- does not indicate what was excluded;
- does not indicate what was not searched and the rationale for making such exclusions;
- does not indicate which industries the search included and the rationale for including or excluding such industries;
- does not indicate whether the companies were using the term as a trademark, trade name, service mark, or other usages analogous to trademark usage;
- does not indicate the extent to which the mark is utilized; and
- does not describe the companies' size or the geographic scope of their business.

These shortcomings certainly demonstrate that Mr. Stepnowski's methodology is not reliable, and his report should thus be excluded.

### C. The Proposed Testimony Does Not "Fit the Case."  It is Unnecessary, Irrelevant, and Will Not Aid the Court.

Expert testimony is not admissible unless it will help the fact finder understand the evidence or determine a fact in issue.  In the words of this Court, "The party proffering the testimony must show by a preponderance of evidence that the techniques or principles underlying an opinion are sufficiently reliable *so that the opinion will aid the jury in reaching an accurate decision*."  Heller v. Shaw Indus., Inc., No. Civ. A. 95-7657, 1997 WL 535163 at *7 (E.D. Pa. Aug. 8, 1997) (J. Yohn) (emphasis added).  Of course, not all proposed expert testimony meets this preliminary standard.  Some subjects are well within the comprehension of the fact finder, making expert testimony unnecessary and irrelevant.  See, e.g., Getter v. Wal-Mart Stores, Inc., 66 F.3d 1119, 1124 (10th Cir. 1995) (trial court properly excluded expert

5

testimony on floor safety because jury's normal life experiences would permit it to draw its own conclusions regarding issue).

None of the four topics of the Stepnowksi Report will help the fact finder understand the evidence or determine a fact in issue. For example, Topic #1 is "how contractors buy building materials." On this Mr. Stepnowski states, "[t]he criteria for purchasing of construction materials are varied." He then generally describes in two sentences how materials are selected in unspecified-types of building projects. Stepnowski Rpt. at 2. This statement sheds no light whatsoever on the ultimate issue of dispute in this case, i.e., whether Boise's use of the mark BOISE BUILDING SOLUTIONS is likely to be confused with Plaintiff's BUILDING SOLUTIONS trademark, and will not assist the fact finder in this case to determine whether there is a likelihood of confusion between the trademarks in this case.

By further example, Topic #2 is "personal knowledge of use of BUILDING SOLUTIONS." Mr. Stepnowski states that neither he nor his company's purchasing manager, construction manager, estimator/project managers, or unspecified "other construction contractors" were familiar with the term "building solutions" or associated that term with a certain manufacturer, product or service. (Id. at 2-3.) But whether Mr. Stepnowski has personally heard of "building solutions" is irrelevant; his personal knowledge, or his hearsay statements with respect to his inquiry of seven or so other people in his employ, is not a fact of consequence to the assessment of any of the factors this Court will assess in determining whether Boise's use of the name and mark BOISE BUILDING SOLUTIONS is likely to cause confusion

as to source, sponsorship, or affiliation with CertainTeed and its BUILDING SOLUTIONS programs and services.[2]

Thus, any "expert" testimony as to whether approximately eight people have heard of the marks is not helpful and will not help the jury determine any fact of consequence in this case.

### IV.  Mr. Stepnowski's "Expert Report" Does Not Adequately Set Forth the Basis and Reasons for His Opinion

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires that an expert's report not only state his opinions, but also that the report must state "the basis and reasons therefore." Fed. R. Civ. P. 26 (a)(2)(B).

Mr. Stepnowski's "professional opinion" is that "'building solutions' is a catchphrase that's use has become common in the marketing of construction materials and services." [3] Stepnowski Rpt. at 3. However, the Report does not state the reasoning Mr. Stepnowski followed in reaching his opinion, nor does it explain what particular facts or circumstances about the results of his Internet searches led him to form his opinion. Indeed, a close reading of Mr. Stepnowski's report demonstrates that Mr. Stepnowski began his Internet searches with a preconceived notion, or bias, that his perfunctory searches merely confirmed. ("*Initially I had no*

---

[2] Although Mr. Stepnowski says that he has never heard of "Building Solutions," he also inconsistently states the term is a catchphrase whose use has become common in the marketing of construction materials and services. Thus, if Mr. Stepnowski is correct in his assertion that the term "building solution" is common, what does it matter that neither he nor seven or so other people never heard of the term?

[3] It should be noted that the term "catchphrase" has no bearing whatsoever in trademark law, and Mr. Stepnowski's continuous use of such term further highlights his unsuitability as an expert in this case. Moreover, the last sentence of Mr. Stepnowski's expert report is totally unintelligible, reading " That its use is not exclusively identifiable with any particular product, manufacturer or distributor but rather as a current marketing trend to not only sell a supplier's product and/or services but to also represent that the vendor is available to provide 'solutions' to a variety of building industry related problems." Stepnowski Rpt. at 3.

7

*familiarity* with the term "building solutions." *I speculated that it is probably a catchphrase similar to 'business solutions' …."*). Stepnowski Rpt. at 3 (emphasis added).

Clearly, an Internet search based on preconceived speculation, and an expert report which merely describes the results of such Internet search without addressing relevant trademark issues (such as whether the terms are used as services marks, trade names, or trademarks; the industries the companies are in; the companies' major customers; the geographic scope of the cited uses; etc.) cannot qualify as a proper report. Mr. Stepnowski's failure to comply with Rule 26(a)(2)(B) and properly state the "basis and reasons" for reaching his conclusion is yet another factor demonstrating his inappropriateness to act as an expert witness in this action.

## V. CONCLUSION

Mr. Stepnowski's proposed expert report and testimony do not meet the requirements of Federal Rule of Evidence 702. The proposed testimony is irrelevant and add nothing to this case. Accordingly, CertainTeed asks the Court to exclude Mr. Stepnowski's proposed testimony and expert report.

Respectfully submitted,

_____
Roberta Jacobs-Meadway
Lynn Rzonca
Richard E. Pierce
Kyrus L. Freeman
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215-665-8500

Dated: May 5, 2003             Attorneys for Plaintiff

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CERTAINTEED CORPORATION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. Action No. 02-2677 |
| v. ) | |
| ) | Hon. William H. Yohn |
| **BOISE CASCADE CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

It is hereby ORDERED that Plaintiff's Motion To Preclude The Expert Report And Proposed Testimony Of Michael A. Stepnowski is GRANTED and Defendant is precluded from offering at trial, referring to, or relying upon the report of Mr. Stepnowski or the testimony of Mr. Stepnowski.

BY THE COURT:

_____
YOHN, J.

Dated this _____ day of _____ 2003.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION,  )<br>  )<br>     Plaintiff,  )<br>  )<br>v.  )<br>  )<br>BOISE CASCADE CORPORATION,  )<br>  )<br>     Defendant.  ) | Civ. Action No. 02-2677<br><br>Hon. William H. Yohn |

### MOTION TO PRECLUDE THE EXPERT REPORT AND PROPOSED TESTIMONY OF MICHAEL A. STEPNOWSKI

Plaintiff CertainTeed Corporation hereby moves to preclude Defendant Boise Cascade Corporation's proposed expert report and testimony of Michael A. Stepnowski. The grounds for this motion are set forth in full in the accompanying Memorandum of Law.

Expert discovery in this case is set to close June 1.

Respectfully submitted,

_____
Roberta Jacobs-Meadway
Lynn Rzonca
Richard E. Pierce
Kyrus L. Freeman
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215-665-8500
Attorneys for Plaintiff

Dated: May 5, 2003