IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION,   )<br>                                                            )<br>             Plaintiff,                       )<br>                                                            )   Civ. Action No. 02-2677<br>       v.                                              )<br>                                                            )   Hon. William H. Yohn<br>BOISE CASCADE CORPORATION, )<br>                                                            )<br>             Defendant.                   ) | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PRECLUDE THE EXPERT REPORT AND PROPOSED TESTIMONY OF <u>GREG BROOKS</u>

Defendant, Boise Cascade Corporation ("Boise"), has offered Greg Brooks as an expert in this trademark infringement case. Mr. Brooks proposes to "opine" on the following matters:

Topic #1: the structure of the building materials industry;

Topic #2: the purchasing practices of companies in such industry; and

Topic #3: use of the term "Building Solutions."[1]

Mr. Brook's Report and proposed testimony do not meet the standards of Federal Rule of Evidence 702 and should be excluded. The issues addressed by the Report do not implicate the need for any "specialized skill or knowledge," and the proposed testimony lacks the qualifications, reliability, and fitness required under Federal Rule of Evidence 702. Moreover, Mr. Brook's ultimate conclusion that there is no likelihood of confusion between the marks in dispute is a legal issue that should properly be left to the factfinder to determine.

---

[1] Expert Report of Greg Brooks, April 23, 2003 ("Brooks Rpt.") at 1, attached as Exhibit A.

I. **Brief Background and Case Status**

This is a trademark dispute about use of the mark BUILDING SOLUTIONS. Plaintiff, CertainTeed Corporation ("CertainTeed") has for more than ten years used the mark BUILDING SOLUTIONS in connection with building products and marketing programs directed to the building and construction industry. CertainTeed owns two federal trademark registrations for the term BUILDING SOLUTIONS.

In March 2002 Boise announced a company-wide rebranding effort that included renaming its Building Materials Division to "BOISE BUILDING SOLUTIONS." When Boise refused to cease use of the term BUILDING SOLUTIONS, CertainTeed filed this action, asserting various Lanham Act claims. Boise has since continued to use the term BOISE BUILDING SOLUTIONS on its website and its advertising and promotional material.

Pursuant to the Court's Scheduling Order, the parties exchanged expert reports on April 25. Mr. Brooks' report is one of five submitted by Boise.

Expert discovery closes June 1.

II. **The Standards For Admissible Expert Testimony Under Evidence Rule 702 and *Daubert***

Expert testimony is only admissible if it meets the requirements of Federal Rule of Evidence 702. That rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (2003).

The Supreme Court has issued clear standards for assessing when expert testimony—scientific or otherwise—should be precluded. Trial courts must determine whether the proposed expert "is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592 (1993). The trial court is to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Id. at 589. See also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147-48 (1999).

The Third Circuit interprets the *Daubert* standard to require the offering party to demonstrate that its proposed expert witness is:

1. Q*ualified:*  the witness must have sufficient qualifications in the form of knowledge, skills, and training;

2. *Reliable:*  the expert testimony must be grounded in testable, reliable methods and procedures, rather than subjective belief or unsupported speculation; and

3. *Fits the case:*  testimony must assist the trier of fact with the particular facts of the case.

Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-43 (3d Cir. 1994).

It is the burden of the party offering the expert testimony to establish these three requirements. See Oddi v. Ford Motor Co., 234 F.3d 136, 144 (3d Cir. 2000). As established below, the Brooks Report and proposed testimony does not meet these requirements and should be excluded.

### III. The Proposed Brooks Report and Testimony Does Not Meet the Standards

#### A. Mr. Brooks Has Not Sufficiently Established How His General Experience Qualifies Him As An Expert In This Matter.

"The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" Advisory Committee Note to Fed. R. Evid. 702, citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1319 (9th Cir. 1995).

Mr. Brooks edits a trade magazine, produces training programs, and conducts seminars for employees and executives of companies in the building materials industry. See Brooks Rpt. at 1. However, his report discloses no special skill, knowledge or educational background regarding branding issues that qualify him as an expert on any material issue in this case.

While experience alone may qualify one as an expert in some situations, there has been no such showing here. As explained in the Advisory Committee Note to Rule 702, a witness who attempts to qualify as an expert based on experience alone must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.

Mr. Brooks fails to sufficiently explain how his consulting and historical trend research experience will assist the trier of fact with the particular facts of this case. Mr. Brooks' prior research is particularly meaningless – and highlights further concern about his qualifications – because Mr. Brooks did not use any such research to address the key point in this case: Boise's encroachment upon CertainTeed's market and goodwill in its BUILDING SOLUTIONS trademark. The Brooks report does not meet the *Daubert* requirements because Mr. Brooks does not explain how his experience leads to the conclusion reached, why that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. For this reason alone it should be excluded.

4

### B. Mr. Brooks Does Not Utilize Reliable Methods or Procedures

"[T]he facts and data upon which an expert relies in reaching a conclusion must be of a type reasonably relied upon in the particular field." Heller v. Shaw Indus., Inc., No. Civ. A. 95-7657, 1997 WL 535163 at *7 (E.D. Pa. Aug. 8, 1997)(J. Yohn). However, Mr. Brooks' report, and his search results, cannot reasonably be relied upon in this trademark dispute since Mr. Brooks' report:

- does not explain how the search was conducted;
- does not present the entire results of his searches;
- does not indicate what was excluded;
- does not indicate what was not searched and the rationale for making such exclusions;
- does not indicate which industries the search included and the rationale for including or excluding such industries;
- does not indicate whether the companies were using the term as a trademark, trade name, service mark, or other usages analogous to trademark usage;
- does not indicate the extent to which the mark is utilized; and
- does not describe the companies' size or the geographic scope of their business.

Indeed, of the five companies Mr. Brooks mentions as supporting his opinion, two of them do not use "Building Solutions" as a trademark, but rather utilize some combination thereof with additional terms as a tagline; one does not use the disputed "Building Solutions" trademark; and two of the companies do not sell building or construction materials, but rather provide a referral service and sell computer software. See Brooks Rpt. at 6.

Further, the blatant inconsistencies in Mr. Brooks' report cast additional doubt on the reliability of his research methods. For example, in the "Non-competing products" section of his report, Mr. Brooks states that Plaintiff's and Defendant's good are both sold by lumberyards, and in the "non-overlapping exposure" section Mr. Brooks indicates that both Plaintiff and

5

Defendant advertise in the *ProSales* magazine. Although not questioning the accuracy of his results, these clear inconsistencies certainly cast doubt upon the methods Mr. Brooks utilized in preparing his report, and renders such results devoid of any significance. Mr. Brooks does not address the frequency with which each party advertises in general, or particularly in the publications; Mr. Brooks fails to indicate the importance of lumberyards as a channel of distribution to either company; and Mr. Brooks does not discuss how important lumberyards will be as the parties move to sell value-added composites and other non-commodity products. In short, these shortcomings demonstrate that Mr. Brooks' methodology is not reliable, and his report should thus be excluded.

### C. The Proposed Testimony Does Not "Fit the Case." It is Unnecessary, Irrelevant, and Will Not Aid the Court.

"The party proffering the testimony must show by a preponderance of evidence that the techniques or principles underlying an opinion are sufficiently reliable *so that the opinion will aid the jury in reaching an accurate decision*." Heller v. Shaw Indus., Inc., No. Civ. A. 95-7657, 1997 WL 535163 at *7 (E.D. Pa. Aug. 8, 1997) (J. Yohn) (emphasis added). Expert testimony is not admissible unless it will help the factfinder understand the evidence or determine a fact in issue. Of course, not all proposed expert testimony meets this preliminary standard. Some subjects are well within the comprehension of the fact finder, making expert testimony unnecessary and irrelevant. See, e.g., Getter v. Wal-Mart Stores, Inc., 66 F.3d 1119, 1124 (10th Cir. 1995) (trial court properly excluded expert testimony on floor safety because jury's normal life experiences would permit it to draw its own conclusions regarding issue).

None of the topics of the Brooks Report will help the factfinder understand the evidence or determine a fact in issue. For example, Topic #1, "Industry Structure," merely states the

6

different types of entities in the construction industry and generally describes their activities and trends within each group. See Brooks Rpt. at 2-4. However, the main issue in this case is not how the industry is generally structured, but rather how each entity within such industry associates the mark "BUILDING SOLUTIONS" with CertainTeed. Topic #2, "Buying Practices," speculates as to how various entities make purchasing decisions. Id. at 4-5. Yet, Mr. Brooks fails to adequately address the relevance and relationship of these purchasing groups, and their decisions, to CertainTeed's "BUILDING SOLUTIONS" goods and services. Mr. Brooks has not indicated any specific qualifications that make him an expert on how thousands of retailers, home builders, subcontractors, remodelers, and design professionals make their purchasing decision, and this "expert" testimony is pure conjecture.

These statements shed no light whatsoever on the ultimate issue of dispute in this case, i.e., whether Boise's use of the mark BOISE BUILDING SOLUTIONS is likely to cause confusion as to source, sponsorship, or affiliation with CertainTeed and its BUILDING SOLUTIONS programs and services that CertainTeed has used for more than ten years in connection with building products and marketing programs directed to the building and construction industry. In short, Mr. Brooks' proposed testimony and report will not assist the factfinder in this case to determine whether there is a likelihood of confusion between the trademarks in this case. Thus, any "expert" testimony as to the general industry structure and trends and speculation about how participants make their purchasing decisions is not helpful and will not help the jury determine any fact of consequence in this case.

### IV.     Mr. Brooks' Proposed Opinion on Likelihood of Confusion Should Be Precluded Since It Is Directed to Legal Issues This Court Will Decide.

Mr. Brooks' ultimate conclusion is that Boise's use of the mark "BOISE BUILDING SOLUTIONS" is highly unlikely to be confused with CertainTeed's "BUILDING

7

SOLUTIONS" trademark. See Brooks Rpt. at 6. Mr. Brooks then goes on to discuss six reasons he reached such result. Id. at 6-9. Indeed, in the latter portion of the Report, Mr. Brooks discusses how he thinks the Third Circuit's likelihood of confusion factors should apply in this case. However, the issue of likelihood of confusion is a question of law for the Court, not Mr. Brooks, to determine.

None of these expositions on the law is a proper subject of expert testimony. Courts do not permit expert opinions on questions of law—in a trial there is only one legal expert, and that is the judge. See Pivot Point Int'l v. Charlene Prods, Inc., 932 F. Supp. 220, 225 (N.D. Ill. 1996) (precluding expert testimony on legal issue of whether products were copyrightable). Indeed, courts preclude attorneys from opining on questions properly addressed by the court and fact finder. For example in Earle M. Jorgensen Co. v. T.I. United States Ltd., No. 90-2024, 1992 WL 331466 (E.D. Pa. Nov. 3, 1992), the trial court excluded the proposed expert testimony of two attorneys about (a) the plaintiff's legal duty to report an issue to an administrative agency, and (b) the agency's practices and procedures Id. at *1. The court excluded the testimony because it was unnecessary and irrelevant, invading the province of the Court and jury. Id. at *2.

Mr. Brooks' proposed testimony is similarly unnecessary and irrelevant, and invades the province of this Court. Mr. Brooks is not a survey expert. Mr. Brooks has no background in the building and construction industry. Mr. Brooks is not a factfinder in this case. This Court does not need Mr. Brooks' legal assistance or speculation.

**V.     Conclusion**

Mr. Brooks' proposed expert report and testimony do not meet the requirements of Federal Rule of Evidence 702; does not implicate the need for any "specialized skill or

knowledge;" and invades the province of the Court to determine the primary legal issue in this case. Accordingly, CertainTeed asks the Court to exclude Mr. Brooks' proposed testimony and expert report.

                              Respectfully submitted,

                              _____

                              Roberta Jacobs-Meadway
                              Lynn Rzonca
                              Richard E. Peirce
                              Kyrus L. Freeman
                              Ballard Spahr Andrews & Ingersoll, LLP
                              1735 Market Street, 51st Floor
                              Philadelphia, PA 19103
                              215-665-8500
Dated: May 6, 2003              Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOISE CASCADE CORPORATION, )<br>)<br>Defendant. ) | **Civ. Action No. 02-2677**<br><br>**Hon. William H. Yohn** |

## ORDER

It is hereby ORDERED that Plaintiff's Motion To Preclude The Expert Report And Proposed Testimony Of Greg Brooks is GRANTED and Defendant is precluded from offering at trial, referring to, or relying upon the report of Mr. Brooks or the testimony of Mr. Brooks.

BY THE COURT:

_____
YOHN, J.

Dated this _____ day of _____ 2003.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>BOISE CASCADE CORPORATION,  )<br>  )<br>  Defendant.  ) | Civ. Action No. 02-2677<br><br>Hon. William H. Yohn |

## MOTION TO PRECLUDE THE EXPERT REPORT AND PROPOSED TESTIMONY OF GREG BROOKS

Plaintiff CertainTeed Corporation hereby moves to preclude Defendant Boise Cascade Corporation's proposed expert report and testimony of Greg Brooks. The grounds for this motion are set forth in full in the accompanying Memorandum of Law.

Expert discovery in this case is set to close June 1.

Respectfully submitted,

_____
Roberta Jacobs-Meadway
Lynn Rzonca
Richard E. Peirce
Kyrus L. Freeman
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215-665-8500
Attorneys for Plaintiff

Dated: May 6, 2003