IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CERTAINTEED CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civ. Action No. 02-2677 |
| v. ) | |
| ) | Hon. William H. Yohn |
| **BOISE CASCADE CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE THE PROPOSED TESTIMONY AND EXPERT REPORT OF MANNY D. POKOTILOW**

Defendant has offered Manny D. Pokotilow as an expert in this trademark infringement case purportedly to: 1) explain the significance of U.S. Patent and Trademark Office ("PTO") prosecution practice and procedure; 2) personally "authenticate" information regarding references to alleged third-party "uses," irrelevant absent evidence of any actual use; and 3) based on incorrect "facts," make a legal determination of whether Defendant has violated 15 U.S.C. § 1114 and § 1125(a).  See Defendant's Opposition To Plaintiff's Motion to Preclude The Proposed Testimony And Expert Report of Manny D. Pokotilow, filed May 19, 2003, at 6-9 ("Memorandum").[1]

While Plaintiff's memorandum of law in support of it's Motion To Preclude The Proposed Testimony And Expert Report of Manny D. Pokotilow, filed May 2, 2003, more than adequately establishes that Mr. Pokotilow's report and testimony should be excluded, a number

---

[1]   While the Certificate of Service appended to the Memorandum avers that a copy of the Memorandum was served via U.S. Mail upon Plaintiff's counsel, to date, Plaintiff's counsel has not received such mailing.  A copy of the Memorandum was hand-delivered to counsel for Plaintiff on May 21, 2003, after Plaintiff's counsel called Defendant's counsel to request such.

of Defendant's conclusory statements regarding the need for Mr. Pokotilow's report and testimony merit a brief response.

### A. Mr. Pokotilow's "Expertise" Is Not Needed to Explain the Significance of the Prosecution History

Expert testimony is only admissible if the testimony offered will assist the trier of fact to understand the <u>evidence</u> or to determine a <u>fact</u> in issue; <u>and</u> the proposed testimony is not merely based on subjective belief or unsupported speculation. <u>See</u> Fed. R. Evid. 702 (2003); <u>See also</u>, <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 592 (1993); <u>Paoli R.R. Yard PCB Litig.</u>, 35 F.3d 717, 741-43 (3rd Cir. 1994).

Defendant argues that Mr. Pokotilow's testimony regarding "the history of communications between the trademark applicants and the Trademark Office" is necessary, and that "Mr. Pokotilow is the most appropriate witness for this purpose." Memorandum at 6-7. Such conclusory statements, however, are both self-serving and wholly insufficient to meet Defendant's burden of establishing that Mr. Pokotilow's testimony is necessary to assist this Court in understanding the evidence presented in this case or to determine any fact in issue.

Mr. Pokotilow is not needed to "explain" to this Court the significance of the prosecution history of certain trademark applications. The fact of that history is evident on its face. The legal significance of the facts, if any, will be argued by counsel based on the relevant law.[2] The complete files of Plaintiff's registrations can be placed in evidence. <u>See</u> Fed. R. Evid. 803 (2003). Counsel for the parties, not an expert, are required to make their arguments about the

---

[2] To extent Defendant is offering Mr. Pokotilow not as an expert under Evidence Rule 702, but rather as an advocate for Boise to make legal arguments on Defendant's behalf, Plaintiff reserves the right to submit rebuttal witnesses in response to such testimony.

application of the law to the facts.  The Court will then decide.  That this is a bench trial further militates against admitting testimony not proven to meet the standards set forth in Rule 702.  See e.g., In re Unisys Savings Plan Litig., 173 F.3d 145, 158 (3d Cir. 1999)("Obviously, hearing testimony from a witness who was given no credence at all by the District Court judge presiding at a bench trial would have resulted in the 'waste of time' proscribed by Federal Rule of Evidence 403, particularly where the false statements identified by the judge were material to the purported expert's qualifications.").

Contrary to the thrust of Defendant's argument, yet another advocate/lawyer/expert is unnecessary.  This case does not revolve around foreign law or any esoteric point of Trademark Office practice which necessitates "expert" guidance through arcane rules of practice.  "'Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.'" Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591 (1993) (internal citations omitted).  To the extent this Court seeks any clarification regarding the contents of the files of Plaintiff's registrations, or the facts that appear therein, Mr. Pokotilow is no better equipped than Plaintiff's or Defendant's counsel to take the Court through the contents of the files, and is less well-informed than counsel concerning the facts of the matter.  In short, the law and the legal issues that must be decided in this case are ultimately the province of this Court, not a "legal" expert.

**B.     Mr. Pokotilow's Testimony Concerning Third-Party Uses Is Irrelevant and Speculative**

Defendant asserts that "Mr. Pokotilow's testimony is critical on the issue of third-party uses" of the term "Solutions."  Memorandum at 7.

As with all of Defendant's other arguments in its Memorandum, this contention is wholly unavailing.  The trademark at issue in this case is not "Solutions," but rather is "BUILDING

SOLUTIONS." Any discussion of the general use of the term "Solutions" in industries unrelated to building products and construction provides no useful information to the trier of fact about Plaintiffs' trademark "BUILDING SOLUTIONS" in the building and construction industry. <u>See</u> <u>Checkpoint Sys., Inc. v. Check Point Software Technologies, Inc.</u>, 104 F.Supp.2d 427, 459 (D.N.J. 2000), *aff'd*, 269 F.3d 270 (3d Cir. 2001) (holding that third party usage of a mark on unrelated goods is irrelevant).

      Mr. Pokotilow's proposed testimony regarding instances in which the PTO required the exclusive right to use the term "Solutions" to be disclaimed is immaterial, particularly to the extent the marks are different than the marks here in issue, and the goods and services are different than the goods and services here in issue. Mr. Pokotilow admits, as he must, that there are instances where "Solutions" has <u>not</u> been disclaimed. It is hornbook law that a term, such as "Polo" or "Apple," can be generic in one context – and so not a mark – and arbitrary in another – and so function as a mark. <u>See</u> e.g., <u>Rockland Mortgage Corp. v. Shareholders Funding, Inc.</u>, 835 F. Supp. 182, 189 (D.Del. 1993)(citing 1 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 11.22 at 11-118 (3rd ed. 1992)('[T]he word 'apple' would be arbitrary when used on personal computers, suggestive when used in 'Apple-A-Day' on vitamin tablets, descriptive when used in 'Tomapple' for combination tomato-apple juice and generic when used on apples.'). Those instances where SOLUTIONS has not been disclaimed include not only CertainTeed's registrations, but registrations Mr. Pokotilow has secured for more than one of his clients. <u>See</u> Attached printout from PTO's website. It would be an immense waste of time and resources to begin to explore the circumstances surrounding, and the relevance to this matter, of even the few registrations in relevant industries where disclaimers have and have not been

registered or entered. Application of Federal Rule of Evidence 403 obviates the need for such an exercise.

Finally, Defendant wants to enter into evidence the results of an online, Yellow Pages directory listing, and use expert testimony to admit this obviously irrelevant, easily-accessible public information. See e.g., Pocono Int'l Raceway, Inc. v. Pocono Mountain Speedway, Inc., 171 F.Supp.2d 427, 438 (M.D. Pa. 2001) (holding that telephone book listings of disputed mark by entities other than Plaintiff and in different lines of business than Plaintiff did not defeat Plaintiff's exclusive ownership rights in such mark). Plaintiff might be willing to stipulate to the admission of such directory listings for whatever they are worth. Expert testimony is simply unnecessary and inappropriate. The proffered testimony of Mr. Pokotilow in particular, is not necessary or appropriate, since he concedes that he does not know which of such references are active or how often the database is purged of "dead" entries, or any information other than what is on the face of the document.

## Conclusion

As discussed above, and set forth more fully in Plaintiff's memorandum of law in support of it's Motion To Preclude The Proposed Testimony And Expert Report of Manny D. Pokotilow, filed May 2, 2003, Mr. Pokotilow's proposed testimony is an improper attempt by Defendant to mislead rather than enlighten on legal issues, adds nothing to this case in terms of the facts of the matter and evidence, and would simply waste this Court's and the Plaintiff's time.

Accordingly, Plaintiff respectfully requests this Court to preclude Mr. Pokotilow's proposed testimony and expert report.

Respectfully submitted,

_____
Roberta Jacobs-Meadway
Lynn Rzonca
Richard E. Peirce
Kyrus L. Freeman
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215-665-8500

Dated: May 23, 2003     Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CERTAINTEED CORPORATION,** : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 02-2677 |
| v. : | |
| : | THE HON. WILLIAM H. YOHN |
| **BOISE CASCADE CORPORATION,** : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

AND NOW, this _____ day of _____, 2003, it is hereby ORDERED that Plaintiff's Motion To Preclude The Proposed Testimony And Expert Report Of Manny D. Pokotilow is GRANTED and Defendant is precluded from offering at trial, referring to, or relying upon the report of Mr. Pokotilow or the testimony of Mr. Pokotilow.

BY THE COURT:

_____
YOHN, J.

PHL_A #1756811 v1

## **CERTIFICATE OF SERVICE**

I, Kyrus L. Freeman, an attorney, certify that a true and correct copy of the foregoing <u>Plaintiff's Response To Defendant's Opposition To Plaintiff's Motion To Preclude the Proposed Testimony and Expert Report of Manny D. Pokotilow</u>, and proposed Order were served on counsel for Defendant on May 27, 2003 as set forth below:

<u>Via U.S. Mail</u>
Ramsey M. Al-Salam, Esq.
Perkins Coie LLP
1201 Third Ave.
Suite 4800
Seattle, WA 98101-3099
206.583.8500 (fax)

<u>Via U.S. Mail</u>
David L. Grove, Esq.
Montgomery McCracken
Walker & Rhoads LLP
123 S. Broad St.
Philadelphia, PA 19109
215.731.3821 (fax)

<u>Via U.S. Mail</u>
Jeffrey D. Neumeyer, Esq.
Boise Cascade Corp.
1111 W. Jefferson St.
P.O. Box 50
Boise, ID 83728-0001
208.384.4961 (fax)

                                                 Kyrus L. Freeman

Dated: May 27, 2003