IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOISE CASCADE CORPORATION, )<br>)<br>Defendant. ) | Civ. Action No. 02-2677<br><br>Hon. William H. Yohn |

## ORDER

It is hereby ORDERED that Plaintiff's Motion To Preclude The Expert Report And Proposed Testimony Of Greg Brooks is GRANTED and Defendant is precluded from offering at trial, referring to, or relying upon the report of Mr. Brooks or the testimony of Mr. Brooks.

BY THE COURT:

_____
YOHN, J.

Dated this _____ day of _____ 2003.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. Action No. 02-2677 |
| v. ) | |
| ) | Hon. William H. Yohn |
| BOISE CASCADE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE THE PROPOSED TESTIMONY AND EXPERT REPORT OF GREG BROOKS

In this trademark infringement action involving Defendant's infringement of Plaintiff's "BUILDING SOLUTIONS" trademark, Defendant has offered Mr. Greg Brooks to testify regarding whether purchasers "are likely to be confused as to the source of the products they are purchasing." Def.'s Opp'n to Pl.'s Mot. to Preclude Proposed Testimony and Expert Report of Greg Brooks, Michael Stepnowski and Tony Spaeth at 8 ("Opposition," filed May 22, 2003).

Plaintiff's Motion to Preclude Mr. Brooks' purported testimony and Report more than adequately establishes why preclusion is proper. However, the immaterial matters raised by the Opposition require a brief response emphasizing that:

1. the protections of trademark and unfair competition law are not limited to confusion as to source, but also apply to confusion as to affiliation, connection, or sponsorship; and

2. listings of alleged third-party uses of a mark are completely immaterial if there is no evidence of the nature and extent of such alleged use.

Accordingly, the proposed Brooks "expert" testimony is improper and should be excluded.

A.  **Mr. Brooks' Proposed Testimony Is Based On An Erroneous View of the Applicable Legal Test**

To be admissible, expert testimony must be such as will assist the trier of fact to understand the <u>evidence</u> or to determine a <u>fact</u> in issue; <u>and</u> the proposed testimony may not be merely based on subjective belief or unsupported speculation. See Fed. R. Evid. 702 (2003); See also <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 592 (1993); <u>Paoli R.R. Yard PCB Litig.</u>, 35 F.3d 717, 741-43 (3d Cir. 1994).

Notwithstanding that expert testimony regarding purchaser or customer perceptions is mere speculation unless supported by a competent survey, Defendant asserts that Mr. Brooks is necessary to hypothesize whether purchasers are confused regarding the *source* of goods they purchase. See Opp'n at 8 (emphasis added). Such proposed testimony sheds no light whatsoever on the critical issue of whether purchasers who encounter the mark "BOISE BUILDING SOLUTIONS" in connection with goods and services similar and related to Plaintiff's goods and services rendered under its "BUILDING SOLUTIONS" trademark are likely to believe that Defendant's goods and services are in some way affiliated with, connected to, sponsored by, or otherwise associated with Plaintiff and its "BUILDING SOLUTIONS" trademark. See, e.g., 15 U.S.C. § 1125(a); see also <u>A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.</u>, 237 F.3d 198, 216 (3d Cir. 2000).

In offering Mr. Brooks as an expert regarding "source confusion" (which is not the relevant test), Defendant ignores clear law that, for actionable likelihood of confusion, purchasers need not be likely to believe that the owner of a mark (here, Plaintiff) actually produced the item and placed it on the market. Instead, what is to be determined here is whether purchasers likely believe that Plaintiff sponsored or otherwise approved of Defendant's use of

2

the "BUILDING SOLUTIONS" mark. If so, the statutory likelihood of confusion requirement is met. See, e.g., Triangle Publ., Inc. v. Standard Plastic Prod., Inc., 241 F.Supp. 613, 619 (E.D. Pa. 1965) (holding that defendant's use of mark would unlawfully create impression among advertisers and consumers that defendant's merchandise is associated with plaintiff). See also Champions Golf Club v. Champions Golf Club, 78 F.3d 1111, 1121 (6th Cir. 1996) ("The district court noted that despite their sophistication, golfers would likely be confused about whether the courses were affiliated, but appears not to have appreciated that *this* is the ultimate question to be answered in the likelihood if confusion inquiry.")(emphasis in original); National Football League Properties, Inc. v. Wichita Falls Sportswear, Inc., 532 F.Supp. 651, 659 (W.D. Wash. 1982) ("Likelihood of confusion in a sponsorship context focuses on the product bearing the allegedly infringing marks and asks whether the public believes the product bearing the marks originates with or is somehow endorsed or authorized by the plaintiff.").

Hence, any proposed "expert" testimony in this case—such as Mr. Brooks'—based on personal speculation and directed to "source" confusion should be excluded as unhelpful and held inadmissible under Federal Rule of Evidence 403 as of such marginal relevance to the disputed issues in this case that it amounts to nothing other than a distraction and waste of time.

B.   **Mr. Brooks Did Not Ascertain Whether Any Alleged Third-Party "Use" He Cites Is Actually Currently or Ever Was In Use.**
**Any Testimony Concerning Such Alleged Use Is Irrelevant Where There Is No Evidence To Be Offered As To The Nature And Extent of Actual Use.**

Defendant is seeking to offer through Mr. Brooks the results of searches of a publicly available database ostensibly to demonstrate the relative weakness of Plaintiff's "BUILDING SOLUTIONS" trademark. Mr. Brooks relied on a Google.com search. There is no evidence that he has any expertise in investigating the use of marks or as a research librarian.

3

Contrary to Defendant's assertion, the mere citation by Defendant's proffered "expert" to other alleged uses of the term "building solutions" does not and cannot assist this Court in resolving any disputed issues in this case.

The significance of third-party uses depends wholly upon their use. See <u>Smith Bros. Mfg. Co. v. Stone Mfg. Co.</u>, 476 F.2d 1004, 1005 (C.C.P.A. 1973) ("But in the absence of any evidence showing the *extent of use* of any such marks or whether any of them are now in *use*, they provide no basis for saying that the marks so registered have had, or may have, any effect at all on the public mind so as to have a bearing on likelihood of confusion.")(emphasis in original). See also <u>Chips 'N Twigs, Inc. v. Chip-Chip, Ltd.</u>, 414 F.Supp. 1003, 1017 (E.D. Pa. 1976) ("However the mere introduction of these third party registrations does not prove that the marks to which they apply are actually used in commerce."); <u>Express Funding, Inc. v. Express Mortgage, Inc.</u>, 894 F.Supp 1095, 1100 (E.D. Mich. 1995) ("The rather voluminous search results submitted by Funding, though, do not establish that Mortgage's marks are weak, because they do not reveal the <u>scope of use</u> of the other, similar, marks. As Professor McCarthy has noted, '[t]he mere citation of third party registrations is not proof of third party uses for the purpose of showing a crowded field and relative weakness.'") (emphasis added).

Despite this clear overwhelming authority, Mr. Brooks made no attempt whatsoever to ascertain whether any of the references disclosed by his search are currently in use, the extent and nature of such use, or whether the use is licensed by and thus inures to the benefit of Plaintiff.[1] Without such information, any testimony regarding alleged third-party "uses" does

---

[1] Mr. Brooks was deposed only yesterday; Plaintiff's counsel will submit the relevant transcript pages as soon as they are available.

4

not and cannot establish anything, and thus cannot assist this Court to determine any facts in issue in this case.

### C. Conclusion

As discussed above, and set forth more fully in Plaintiff's Memorandum of Law in Support of its Motion to Prelude the proposed testimony and expert report of Greg Brooks, Mr. Brooks' proposed testimony is an improper attempt by Defendant to mislead rather than enlighten on legal issues, adds nothing to this case in terms of the facts of the matter and evidence, and would simply waste this Court's and the Plaintiff's time.

Accordingly, Plaintiff respectfully requests that this Court preclude Mr.Brooks' proposed testimony and expert report.

Respectfully submitted,

_____
Roberta Jacobs-Meadway
Lynn Rzonca
Richard E. Peirce
Kyrus L. Freeman
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215-665-8500
Attorneys for Plaintiff

Dated: May 30, 2003

5

## CERTIFICATE OF SERVICE

I, Lynn E. Rzonca, an attorney, certify that a true and correct copy of the foregoing <u>Plaintiff's Response To Defendant's Opposition To Plaintiff's Motion To Preclude the Proposed Testimony and Expert Report of Greg Brooks</u>, and proposed Order were served on counsel for Defendant on May 30, 2003 as set forth below:

<u>Via U.S. Mail</u>
Ramsey M. Al-Salam, Esq.
Perkins Coie LLP
1201 Third Ave.
Suite 4800
Seattle, WA 98101-3099

<u>Via U.S. Mail</u>
David L. Grove, Esq.
Montgomery McCracken
Walker & Rhoads LLP
123 S. Broad St.
Philadelphia, PA 19109

<u>Via U.S. Mail</u>
Jeffrey D. Neumeyer, Esq.
Boise Cascade Corp.
1111 W. Jefferson St.
P.O. Box 50
Boise, ID 83728-0001

_____
Lynn E. Rzonca

Dated: May 30, 2003