UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION,<br><br>　　Plaintiff,<br><br>v.<br><br>BOISE CASCADE CORPORATION,<br><br>　　Defendant. | Civil Action No. 02-2677<br><br>Hon. William H. Yohn |

### ORDER

AND NOW, this ____ day of _____, 2003, defendant Boise Cascade Corporation's motion for leave to file a response to plaintiff CertainTeed Corporation's request to submit a surreply to Boise's summary judgment motion, which proposed response is attached to said motion, is GRANTED, and, further, Boise's response is deemed filed and the Clerk shall enter said response on the docket in this action.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Yohn, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION,<br><br>　　Plaintiff,<br><br>v.<br><br>BOISE CASCADE CORPORATION,<br><br>　　Defendant. | Civil Action No. 02-2677<br><br>Hon. William H. Yohn |

### DEFENDANT BOISE CASCADE CORPORATION'S MOTION FOR LEAVE TO FILE RESPONSE TO CERTAINTEED'S REQUEST TO SUBMIT SURREPLY

Defendant Boise Cascade Corporation moves the Court for leave to file the attached response to plaintiff CertainTeed Corporation's August 11, 2003 letter request to submit a surreply to Boise's summary judgment reply brief.

CertainTeed's August 11 letter requested that the Court "accept [a] short letter concerning matters [CertainTeed] believe[s] Boise misstated in its Summary Judgment Reply Brief." Although CertainTeed seems determined to get the "last word," there is no justification for its submission of a surreply. The Court should reject the surreply in its entirety.

Boise does not believe in trying to get the "last word," and regrets having to seek leave to file this response. Nevertheless, to the extent the Court considers CertainTeed's surreply, it should consider this response because: (a) the briefing rules contemplate that Boise will have an opportunity to reply to CertainTeed's arguments in opposition to Boise's motion; (b) CertainTeed's surreply raises new arguments relating to "initial interest confusion" and "post-sale

confusion"; (c) CertainTeed accuses Boise of misstating the facts and law; and (d) it is CertainTeed's arguments that are, as discussed in the attached response, misleading.

To the extent the Court has any further questions about these issues, Boise would be happy to address them, either in further briefing solicited by the Court or, alternatively, in oral argument.

Respectfully submitted this 21st day of August 2003.

By: *[signature: David L. Grove]*
Ramsey M. Al-Salam
Cori Gordon Moore
PERKINS COIE LLP
1201 Third Avenue, Ste. 4800
Seattle, WA 98101
(206) 583-8888

David L. Grove
James D. Cashel
MONTGOMERY MCCRACKEN WALKER
    & RHOADS LLP
123 S. Broad St.
Philadelphia, PA 19109
(215) 772-1500

Jeffrey D. Neumeyer
BOISE CASCADE CORPORATION
1111 West Jefferson Street
P.O. Box 50
Boise, ID 83728
(208) 384-7460

Attorneys for Defendant
Boise Cascade Corporation

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BOISE CASCADE CORPORATION,<br><br>    Defendant. | Civil Action No. 02-2677<br><br>Hon. William H. Yohn |

**DEFENDANT BOISE CASCADE CORPORATION'S
RESPONSE TO CERTAINTEED'S
<u>REQUEST TO SUBMIT SURREPLY</u>**

Boise's summary judgment motion set forth undisputed facts that establish, as a matter of law, that CertainTeed's alleged trademark rights cannot prevent Boise's use of the term "Boise Building Solutions," in the manner in which Boise is using it, because such use is fair and/or because such use is not creating a likelihood of confusion.

In its August 11 letter surreply, CertainTeed argues that the sophistication of Boise's customers is "legally immaterial," noting that Third Circuit case law "recognizes that actual confusion is not limited to direct purchaser confusion at the time of purchase; it extends to post-sale confusion and initial interest confusion." CertainTeed cites the Third Circuit's decision in *Checkpoint Systems, Inc. v. Check Point Software Technologies, Inc.*, 269 F.3rd 270 (3rd Cir. 2001) to support its argument. These are new arguments, insofar as CertainTeed did not previously argue either "initial interest confusion" or "post-sale confusion" as a basis for denying Boise's summary judgment motion. At most, CertainTeed previously argued that its customers (e.g., home inspectors) were not necessarily sophisticated (although it made the directly opposite argument when seeking its own trademark registration).

More importantly, CertainTeed does not explain the circumstances that would lead to such "initial interest confusion" or "post-sale confusion" in the instant case. In *Checkpoint Systems*, the Third Circuit affirmed a finding of *no* likelihood of confusion, although there was evidence of "initial confusion between the companies by experts, the media, investors and consumers . . . ." *Id.* at 295. Such evidence included misdirected emails, misdirected customer inquiries, misdirected service calls, and misdirected media reports. *Id.* at 297. Nevertheless, the Third Circuit agreed that such evidence was "de minimus" evidence of confusion. *Id.* at 298. In the instant case, CertainTeed has presented no "initial interest confusion" evidence. Accordingly, the argument is a "red herring."

Similarly, post-sale confusion (which is not discussed in the *Checkpoint Systems* case) occurs when indirect purchasers or users view the accused trademarks and are confused. That confusion cannot occur where the accused trademark does not appear on any products, or there is no other manner in which indirect purchasers or users have exposure to the accused trademark. In the instant case, Boise does not use the term "Boise Building Solutions" on any products, and, therefore, the downstream users of its products cannot suffer "post-sale confusion" because they are not exposed to the expression. At best, CertainTeed has referred to an ad and tradeshow where Boise promoted its Home Plate siding product, a product that has not even yet been sold. Accordingly, there have been no "users" of that product, much less users who could have suffered "post-sale" confusion.

CertainTeed also alleges that Boise "confuses the legal issues of whether a mark is generic versus whether defendant is making a first fair use of a mark." The issue is not confusing. CertainTeed claims that it has established that the term "'BUILDING SOLUTIONS' is not generic for CertainTeed's services" and the only issue is whether Boise "can establish a fair use defense." CertainTeed again clouds the issue. CertainTeed has asserted trademark rights both with respect to its trademark registrations and an alleged *common law* trademark based on its use of the term "Building Solutions." As Boise has established, it does not use the expression for the services recited in the registrations, and, thus, CertainTeed's rights from the registrations are irrelevant. Boise is clearly entitled to summary judgment with respect to the trademark registrations.

Absent the trademark registrations, CertainTeed has the *burden* of proving that it has a common law trademark that is infringed by Boise's use of the term "Boise Building Solutions." CertainTeed cannot have a common law trademark if the alleged trademark is *generic* for the

relevant goods or services. In the instant case, the term "Building Solutions" is generic for building products and services, establishing *both* that CertainTeed cannot establish, as a matter of law, that it has a relevant common law trademark *and* that Boise is making fair use.

Respectfully submitted this 21st day of August 2003.

By: /s/ David L. Grove
Ramsey M. Al-Salam
Cori Gordon Moore
PERKINS COIE LLP
1201 Third Avenue, Ste. 4800
Seattle, WA 98101
(206) 583-8888

David L. Grove
James D. Cashel
MONTGOMERY MCCRACKEN WALKER
  & RHOADS LLP
123 S. Broad St.
Philadelphia, PA 19109
(215) 772-1500

Jeffrey D. Neumeyer
BOISE CASCADE CORPORATION
1111 West Jefferson Street
P.O. Box 50
Boise, ID 83728
(208) 384-7460

Attorneys for Defendant
Boise Cascade Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that on this date she caused a copy of the foregoing **Defendant Boise Cascade Corporation's Motion for Leave to File Response to CertainTeed's Request to Submit Surreply** to be served upon the following persons by the methods stated:

**By Facsimile and U.S Mail:**

Bruce P. Keller, Esquire
DEBEVOISE & PLIMPTON
919 Third Avenue
New York, NY  10022

**By Hand Delivery:**

Roberta Jacobs-Meadway, Esquire
Lynn E. Rzonca, Esquire
Richard Pierce, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103

DATED: August 21, 2003

*Linda G. Mitchell*
Linda G. Mitchell