IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CERTAINTEED CORPORATION | : | CIVIL ACTION |
| V. | : | |
| BOISE CASCADE CORPORATION | : | NO. 02-2677 |

O R D E R

**AND NOW**, this 24th day of March, 2004, upon consideration of defendant's motion for award of attorney's fees (Document No. 38) and plaintiff's response, **IT IS HEREBY ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**.[1]

_____
William H. Yohn, Jr., Judge

---

[1] Under the Lanham Act, a court may award attorney's fees to a prevailing party in "exceptional cases." 15 U.S.C. § 1117. Courts have found cases to be "exceptional" under this statute if the court makes "a finding of culpable conduct on the part of the losing party, such as bad faith, fraud, malice, or knowing infringement." *Ferrero U.S.A., Inc. v. Ozal Trading, Inc.*, 952 F.2d 44, 47 (3d Cir. 1991).

Although I have not yet ruled on defendant's motion for summary judgment, defendant is not entitled to attorney's fees under the facts of this case as developed thus far because there is no evidence from which I would find or a jury could find the kind of willful behavior on the part of the plaintiff that would render the case exceptional for purposes of the statute. 15 U.S.C. § 1117(a).