IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BOISE CASCADE CORPORATION,<br><br>Defendant. | Civil Action No. 02-2677<br>The Honorable William H. Yohn |

## ORDER

AND NOW this _____ days of _____, 2004, upon consideration of CertainTeed's Motion to Certify Order for Immediate Interlocutory Appeal and to Stay Proceedings Pending the Third Circuit's Decision, and any response thereto, it is hereby

ORDERED:

1. In an Order and Memorandum dated April 12, 2004, this Court granted in part a motion for summary judgment filed by the defendant, Boise Cascade Corporation. In deciding that motion, the Court had to decide whether there exists a genuine issue of material fact as to whether CertainTeed's registered BUILDING SOLUTIONS mark is suggestive or descriptive with secondary meaning as applied to CertainTeed's services.

2. Although the Court decided this question by determining that there was no genuine issue of fact and that CertainTeed's registered mark as a matter of law was descriptive without second meaning as applied to CertainTeed's services, the Court is also of the opinion that this issue involves a controlling question of law as to which there is substantial ground for difference of opinion, such that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. Accordingly, pursuant to Federal Rule of Civil Procedure 59(e), there Court hereby AMENDS its Order of April 12, 2004 to allow Plaintiff CertainTeed Corporation to seek an immediate appeal of that Order.

BY THE COURT:

_____
William Yohn, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CERTAINTEED CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 02-2677 |
| | ) | The Honorable William H. Yohn |
| v. | ) | |
| | ) | |
| BOISE CASCADE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTAINTEED'S MOTION TO AMEND APRIL 12, 2004 ORDER
TO CERTIFY AN IMMEDIATE INTERLOCUTORY APPEAL AND TO
STAY PROCEEDINGS PENDING THE THIRD CIRCUIT'S DECISION**

Plaintiff CertainTeed Corporation ("CertainTeed") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 59(e), to amend its April 12, 2004 Order granting Boise's motion for summary judgment in part to certify the grant of summary judgment with respect to Registration No. 2,390,753 for an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In particular, the determination of whether Plaintiff's BUILDING SOLUTIONS registration and the mark of said registration are valid or whether there is a material question of fact as to whether the mark has acquired secondary meaning involves a controlling question of law in this case as to which there is substantial ground for difference of opinion, and an immediate appeal on this question will materially advance the ultimate determination of this litigation.

CertainTeed further asks the Court to stay proceedings in this matter pending the Third Circuit's decision on whether to accept a petition to appeal and its decision on any ensuing appeal.

The grounds for this Motion are set forth more particularly in the accompanying memorandum of Law.

Respectfully submitted,

_____
Roberta Jacobs-Meadway
Lynn E. Rzonca
Richard Peirce
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
Attorneys for Plaintiff CertainTeed Corporation

Date: April 26, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERTAINTEED CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOISE CASCADE CORPORATION, ) <br> ) <br> Defendant. ) | Civil Action No. 02-2677 <br> The Honorable William H. Yohn |

CERTAINTEED'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
AMEND THE APRIL 12, 2004 ORDER TO CERTIFY AN IMMEDIATE INTERLOCUTORY APPEAL
AND TO STAY PROCEEDINGS PENDING APPEAL

Plaintiff CertainTeed Corporation ("CertainTeed") respectfully submits this Memorandum of Law in support of its Motion asking this Court to amend its April 12, 2004 Order to certify the grant of summary judgment in part for an immediate interlocutory appeal. CertainTeed also asks the Court to enter an Order staying these proceedings until the United Sates Court of Appeals for the Third Circuit decides any petition for permission to appeal and any ensuing appeal.

I.  **Introduction**

CertainTeed has sued Boise Cascade Corporation ("Boise") for federal trademark infringement and false designation of origin based on CertainTeed's BUILDING SOLUTIONS mark. CertainTeed owns federal trademark Registration No. 2,390,753 for BUILDING SOLUTIONS and No. 1,823,200 for BUILDING SOLUTIONS & Design. CertainTeed also owns unregistered rights in the mark. A crux of this case is the scope of CertainTeed's rights in the mark BUILDING SOLUTIONS as used in association with CertainTeed's goods and services, including those identified in the '753 Registration.

On July 11, 2003, Boise moved for Summary Judgment, claiming, inter alia, that as a matter of law CertainTeed's BUILDING SOLUTIONS registrations are invalid, that CertainTeed has no enforceable rights in the BUILDING SOLUTIONS mark as used with any of CertainTeed's goods and services, and that Boise's own use of BUILDING SOLUTIONS does not infringe CertainTeed's rights. On April 12, 2004, the Court granted the motion in part as to Registration No. 2,390,753 and denied it as to Registration No. 1,823,200. The Court held that there was no issue of fact as to whether the BUILDING SOLUTIONS mark of CertainTeed's '753 Registration is valid, and it further held that as a matter of law the mark of that Registration was descriptive and had not acquired secondary meaning. (Order at 2, n.2.) The Court did not address CertainTeed's unregistered rights in the BUILDING SOLUTIONS mark as used in association with products such as decking and siding.

For the reasons set forth below, CertainTeed asks the Court to certify the summary judgment ruling on the '753 Registration for interlocutory appeal under 28 U.S.C. § 1292(b) and to stay this proceeding pending all relevant Third Circuit decisions. As established, this case meets the tests for interlocutory certification. The issue of whether CertainTeed's BUILDING SOLUTIONS mark of the '753 Registration is, as a matter of law, descriptive and has not acquired secondary meaning is one which, if erroneous, is reversible on final appeal, and as to which there are substantial grounds for difference of opinion. As established herein, the '753 Registration constitutes prima facie evidence that the mark is valid and inherently distinctive or has acquired distinctiveness. The Trademark Office approved the mark for publication without requiring any showing of acquired distinctiveness. Had that presumption been accorded its proper weight and had the evidence of record establishing CertainTeed's extensive use, promotion, and substantially exclusive use of the mark for its services been viewed in the light

2

most favorable to CertainTeed, the Boise motion would have been denied.

The resolution of the issue of whether CertainTeed's BUILDING SOLUTIONS '753 registration is valid—and the mark of that registration for the services identified therein is suggestive or descriptive with secondary meaning—is a decisive issue in the case. If CertainTeed's position is correct and if the evidence before the Court on summary judgment had been assessed in a light most favorable to CertainTeed, summary judgment would have been denied in view of (at a minimum) a factual issue as to whether that mark is distinctive, either inherently or by virtue of the acquisition of secondary meaning as a result of extensive use, substantially exclusive in connection with the services identified in the registration certificate, coupled with significant sales and promotional expenditures.

Moreover, if the Third Circuit were to reverse this Court's Order and conclude either that a question of fact existed as to whether the mark is distinctive inherently or has acquired secondary meaning or that as a matter of law it is a distinctive mark, a second trial would be required as to CertainTeed's rights under its '753 Registration.

Finally, the Court's Order, by ruling differently on CertainTeed's '753 mark than its common law mark, has confused the issues for trial rather than make them more clear. It will be difficult to present a case to the jury when the registered word mark has been invalidated and the Court has not ruled on the common law mark. The Court's Order invalidated the '753 Registration because it has not attained incontestability and has not, as a matter of law, attained secondary meaning. Without analyzing its reasons for not finding secondary meaning, the Court's Order does not leave CertainTeed with a clear way to present to the jury how its common law marks have attained secondary meaning.

For all of these reasons, this is an appropriate case for an interlocutory appeal.

II.  **Certification For An Interlocutory Appeal Is Warranted**

    A.  **The Standards For Certification Under Section 1292(b)**

The Interlocutory Appeals Act, 28 U.S.C. § 1292(b), permits immediate appeals from orders when three criteria are met:

1. the order involves a controlling question of law,

2. there is a substantial ground for difference of opinion with respect to the resolution of the issue to be appealed, and

3. an immediate appeal from the district court's decision could materially advance the ultimate termination of the litigation.[1]

See, e.g., Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983) (certifying issue for appeal). When these criteria are met, the Court has discretion not only to certify an interlocutory appeal, but also to stay proceedings pending review by the Court of Appeals. 28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir.), cert. denied, 419 U.S. 885 (1974). Section 1292(b) seeks, inter alia, to prevent the harms and inefficiencies of deferring all review until final judgment, and to allow immediate interlocutory appeals from orders with a potential for causing a wasted protracted trial. Katz v. Carte Blanche, 496 F.2d at 754.

---

[1] Section 1292(b) states in full:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. §1292(b).

B.  **The April 12 Order Addresses A Controlling And Important Legal Question**

Under Section 1292(b), a controlling question of law is one that, if incorrectly decided, "would be reversible error on final appeal." Katz, 496 F.2d at 755. But that is not the only standard for an issue to be controlling. "Controlling" can also mean "serious to the conduct of the litigation, either practically or legally." Id. (citing testimony of Judge Maris upon the enactment of Section 1292(b)). In considering whether a question is controlling, a court may also consider whether its resolution will save the court's time and the litigants' expense. Id. The protectability of trade dress has been held to be a controlling issue of law for purpose of a certification for an interlocutory appeal pursuant to Section 1292(b). See New York Racing Assoc., Inc. v. Perlmutter Publ'g, Inc., 959 F. Supp. 578, 583-84 (N.D.N.Y. 1997) (granting certification to appeal).

Before the Court on the summary judgment motion were CertainTeed's rights in its mark BUILDING SOLUTIONS. CertainTeed submitted evidence of its use of BUILDING SOLUTIONS as an umbrella brand for a marketing program, for its products such as decking and siding, and for building construction services (such use being through its licensee). CertainTeed also submitted evidence of its ownership of, inter alia, U.S. Trademark Registration No. 2,390,753 for BUILDING SOLUTIONS. The registration covers "preparation of customized marketing information for others, all relating to building materials, for builders, architects and designers; analysis of electrical power and energy needs of others, insulating services in connection with the design of electrical systems for others. In the April 12 Order, the Court granted summary judgment as to the '753 Registration, holding that the mark is "not legally protectable because the mark is not incontestable as a matter of law and, at most, as a descriptive term, there is not sufficient evidence from which a reasonable fact-finder could

5

conclude that it has acquired secondary meaning." (Order at 2, n.2.)

The Court's holding as to the validity of CertainTeed's rights in the mark of the '753 Registration, and whether there is or can be acquired distinctiveness for that mark, is a controlling question for purposes of Section 1292(b). As discussed below, the holding not only would be reversible error on final appeal, it is serious to the conduct of the litigation, for it comprises the heart of this litigation: whether Boise is infringing CertainTeed's rights in that mark. Moreover, the issue implicates the Court's time and the litigant's expense, for if this motion to certify is not granted, a trial will ensue that will determine whether Boise is infringing CertainTeed's unregistered rights and rights in the '200 Registration, leaving for a possible later appeal and second and substantially duplicative trial the issue of infringement of the '753 Registration. Thus, the first requirement of Section 1292(b) is met.

    **C.**    **There Are Substantial Grounds For A Difference Of Opinion Concerning The Court's Legal Analysis About The Validity Of The <u>BUILDING SOLUTIONS</u> Mark of the '753 Registration**

The second requirement of Section 1292(b) also is met, for there are substantial grounds for difference of opinion concerning the Court's legal analysis as to the validity of the BUILDING SOLUTIONS mark of the '753 Registration and as to whether issues of material fact required that the issue of infringement of the '753 Registration go to a jury. <u>See, e.g.</u>, <u>Perlmutter</u>, 959 F. Supp. at 583-84 (substantial ground for difference of opinion found in trade dress infringement case where "the legal principles involved are somewhat difficult, and the factual circumstances of this case . . . add a level of complexity to the legal analysis"). As established below, the Court's decision to resolve instead of recognize disputed fact issues leads to a result that is incongruous under trademark law: as a matter of law, the mark BUILDING SOLUTIONS is distinctive and valid as used in association with construction services, but not

6

distinctive and not valid when used in association with the preparation of marketing material, analyzing electrical power needs; insulating services. This result conflicts with several established trademark principles.

### a. The Court's varied rulings on whether BUILDING SOLUTIONS is protectable

As noted, the Court held that the mark of '753 Registration is, as a matter of law, neither inherently distinctive nor has it acquired distinctiveness. To understand why there are substantial grounds for a difference of opinion about that holding, it is helpful to view the Court's analysis in the context of its other rulings about the BUILDING SOLUTIONS mark.

In opposing the summary judgment motion, CertainTeed submitted evidence of its ownership of:

- Registration No. 1,823,200 for BUILDING SOLUTIONS & Design. The registration covers "residential and commercial building construction; namely, carpentry, additions and design consulting."

- Registration No. 2,390,753 for BUILDING SOLUTIONS. The registration covers "preparation of customized marketing information for others, all relating to building materials, for builders, architects and designers; analysis of electrical power and energy needs of others, insulating services in connection with the design of electrical systems for others."

- unregistered rights in BUILDING SOLUTIONS as CertainTeed's umbrella brand for its marketing program and in association with products such as decking and siding.

In the April 12 Order, the Court held that the '200 Registration was incontestable and there is "no question" as to the validity and protectability of the mark BUILDING SOLUTIONS & Design as used for the residential and building construction services listed in the Registration. (Order at 2, 8, n.8.)

In contrast, the Court held that the BUILDING SOLUTIONS mark of the '753

7

Registration is "not legally protectable because the mark is not incontestable as a matter of law and, at most, as a descriptive term, there is not sufficient evidence from which a reasonable fact-finder could conclude that it has acquired secondary meaning." (Order at 2, n.2.)

The Court made no ruling as to the protectability of the BUILDING SOLUTIONS mark as used for CertainTeed's marketing program and attendant products such as decking and siding.

These rulings cannot be harmonized under trademark law and therefore give rise to grounds for differences of opinion about the Court's underlying analyses.

### b. The grounds for differences of opinion about the Court's analysis

There are strong grounds of a difference of opinion about the Court's determination that BUILDING SOLUTIONS, as used in association with preparing customized marketing material, analyzing electrical power and energy needs, and insulating services, is not legally protectable as a matter of law. As established below, there is ample evidence that the BUILDING SOLUTIONS mark of the '753 registration is inherently distinctive, and that it has acquired distinctiveness, to submit the issue to a jury.

### 1. The statutory presumption that BUILDING SOLUTIONS is distinctive

The Court's analysis fails to afford the BUILDING SOLUTIONS mark of the '753 Registration the statutory presumption of validity under 15 U.S.C. § 1115(a). A federal trademark registration such as the '753 Registration constitutes *prima facie* evidence of the validity of the mark. 15 U.S.C. § 1115(a). By statute, the Patent and Trademark Office will only register on the Principal Register marks that are distinctive. 15 U.S.C. § 1052. As CertainTeed pointed out in its summary judgment papers, the absence in CertainTeed's '753 Principal Register registration of a disclaimer of "Building Solutions" or any requirement by the

8

Trademark Office that CertainTeed establish acquired distinctiveness for its BUILDING SOLUTIONS mark evidences the Trademark Office's determination that BUILDING SOLUTIONS is inherently distinctive as used with CertainTeed's program and services. (See, e.g., Resp. to St. of Undisputed Fact 10 and CT App. Tab 10.)

This presumption is further supported by the fact that the Patent and Trademark Office has in other cases required trademark applicants to disclaim exclusive rights in the term SOLUTIONS where that term is descriptive of the term sought to be registered in view of the goods or services for which the mark was used. That the Patent and Trademark Office did not require any disclaimer of SOLUTIONS in the '753 Registration supports a conclusion that the term is not descriptive as to customized marketing services, electrical power analyses, and insulation services for which the mark is used.

Yet even further support is the existence of the '200 registration for the same BUILDING SOLUTIONS mark that is not canceled or subject to cancellation on descriptiveness grounds.

### 2. The inherent distinctiveness of BUILDING SOLUTIONS for the services of the '753 Registration

The Court failed to conduct a proper analysis of the distinctiveness of BUILDING SOLUTIONS as used in association with the services listed in the '753 Registration—customized marketing services, electrical power analyses, and insulation services. Although the Court set forth a test for determining when a mark may properly be considered descriptive, it failed to apply that test to the specific services of the '753 Registration. Such a test would have concluded that the term BUILDING SOLUTIONS does not immediately describe an aspect or feature of marketing services, or of electrical power analyses, or of insulation services.

It is hornbook law that the line between a suggestive mark and a descriptive mark is hazy,

9

and that determining whether a mark is suggestive or descriptive requires a subjective judgment. See, e.g., 2 J. Thomas McCarthy, *Trademarks and Unfair Competition* § 11:66 (4th ed. 2004)). As stated by the United States Trademark Trial and Appeal Board, "It has long been acknowledged that there is a very narrow line between terms which are merely descriptive and those which are only suggestive." In re Atavio Inc., 25 USPQ2d 1361, 1362-63 (TTAB 1992). Because determining where on that hazy line a term may fall requires subjective judgment, the determination is best made where all of the relevant facts can be weighed—at trial.

Here, the Court had before it evidence that the term BUILDING SOLUTIONS is vague and unspecific when used in association with CertainTeed's marketing services, electrical power analyses, and insulation services. Although the Court appears to have given weight to Boise's evidence of alleged third party uses of the term "Building Solutions," it failed to take into consideration the fact that there was no evidence that any of those alleged uses were uses in association with the relevant services: marketing services, electrical power analyses, or insulation services. (See, e.g., Resp. to St. Undisputed Fact 20 and citations to CT App. cited.)

The record establishes a material issue of fact as to the proper characterization of the mark BUILDING SOLUTIONS as used for marketing services, electrical power analyses, or insulation services. Accordingly there is thus a substantial ground for a difference of opinion as to whether the issue of whether BUILDING SOLUTIONS is inherently distinctive as used in association with those services should have been presented to a jury.

### 3. The evidence of acquired distinctiveness

Even if a mark is not inherently distinctive, it may acquire distinctiveness by virtue of promotion and long and substantially exclusive use. In ruling that, as a matter of law, the BUILDING SOLUTIONS mark had not acquired distinctiveness, the Court failed to view, in a

light most favorable to CertainTeed, the evidence of CertainTeed's long and substantially exclusive use of its BUILDING SOLUTIONS mark in association with the services of the '753 Registration.

In its Opposition CertainTeed submitted evidence that its mark is strong by virtue of the extent of the activities carried out under the BUILDING SOLUTIONS mark. CertainTeed established—and Boise did not establish otherwise—that since 1996, CertainTeed has spent approximately $30 million promoting its BUILDING SOLUTIONS program, which in turn drives the sale of its goods and services. (Opp. at 10, citing CT App. at 19.) CertainTeed also established that the BUILDING SOLUTIONS program has enjoyed significant commercial success. As of 2003, approximately 4,500 builders, 17,500 architects, and 21,000 contractors participated in the program. Since 1995, CertainTeed's BUILDING SOLUTIONS program has contributed at least $600 million in incremental sales of CertainTeed's building products. (Opp. at 4, citing evidence in App.) The degree of promotion and use are factors that establish a trademark's strength. See, e.g., Prince Mfg. v. Bard Int'l Assoc., 11 USPQ2d 1419, 1422-23 (D.N.J. 1988). Here, the trade recognition of the strength of the BUILDING SOLUTIONS mark is shown by the number of individuals who subscribe to the BUILDING SOLUTIONS program. The submission of such evidence at a minimum created a genuine issue of material fact sufficient to defeat the summary judgment motion.

### 4. The failure to recognize the inherent distinctiveness of the BUILDING SOLUTIONS mark as used in association with products such as decking and siding

The Court also failed to recognize CertainTeed's claim under 15 U.S.C. § 1125(a) for enforcement of its rights in the mark BUILDING SOLUTIONS for products such as decking and siding. A proper analysis would have further confirmed that BUILDING SOLUTIONS as used

11

in association with such products is inherently distinctive and therefore protectable.

In sum, the Court's decision leads to a result that is incongruous: as a matter of law, the mark BUILDING SOLUTIONS and the '200 registration are valid as used in association with construction services but the mark is not valid—as a matter of law—when used in association with the preparation of marketing material, analyzing electrical power needs; insulating services, or products such as decking or siding. There are thus grounds for a substantial difference of opinion as to (a) the Court's decision to resolve, not recognize, disputed fact issues, and (b) the Court's analysis of the protectability of BUILDING SOLUTIONS as used in association with customized marketing services, electrical power analyses, and insulation services.

### D. An Immediate Appeal May Materially Advance the Termination of this Case

This case meets the third requirement for interlocutory appeal: such an appeal "may materially advance" the termination of this litigation.

The Court has set the case for trial on August 23, 2004. If the motion to certify for interlocutory appeal is not granted, trial will proceed on the merits regarding Boise's infringement of CertainTeed's "Building Solutions" mark as covered by Registration No. 1,823,200. Should the case *then* proceed to the Third Circuit on the issue of CertainTeed's rights in the BUILDING SOLUTIONS mark of the '753 Registration and should the Third Circuit disagree with this Court's April 12 ruling that a reasonable fact-finder could not find that CertainTeed's BUILDING SOLUTIONS mark of Reg. No. 2,390,753 is not distinctive and has not acquired secondary meaning, then a second trial would be required—involving virtually the same evidence as would be presented in the first trial.

Thus, an appeal now will advance the termination of the case and minimize the expense to the litigants. See Katz, 496 F.2d at 755.

### III. CONCLUSION

For the foregoing reasons, Plaintiff CertainTeed respectfully asks this Court to grant its Motion to Amend the April 12 Order pursuant to Federal Rule of Civil Procedure 59(e) to Certify an Interlocutory Appeal and Stay of Proceedings.

Respectfully submitted,

Roberta Jacobs-Meadway
Lynn E. Rzonca
Richard Peirce
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Date: April 26, 2004

Attorneys for Plaintiff CertainTeed Corporation

### CERTIFICATE OF SERVICE

I, Troy Larson, an attorney, certify that a true and correct copy of the foregoing CertainTeed's Motion to Certify Order for Immediate Interlocutory Appeal and to Stay Proceedings Pending the Third Circuit's Decision, and accompanying Memorandum of Law, was sent for service as set forth below:

Via U.S. Mail
Ramsey M. Al-Salam, Esq.
Perkins Coie LLP
1201 Third Ave.
Suite 4800
Seattle, WA 98101-3099

Via U.S. Mail
Jeffrey D. Neumeyer, Esq.
Boise Cascade Corp.
1111 W. Jefferson St.
P.O. Box 50
Boise ID 83728-0001

Via U.S. Mail
David L. Grove, Esq.
Montgomery McCracken
Walker & Rhoads LLP
123 South Broad St.
Philadelphia PA 19109

Dated: April 26, 2004

Troy Larson