UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CERTAINTEED CORPORATION,

        Plaintiff,

   v.

BOISE CASCADE CORPORATION,

        Defendant.

NO. 02-2677

Hon. William H. Yohn

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2004, upon

consideration of plaintiff's motion to amend the Court's April 12, 2004 Order to certify an

immediate interlocutory appeal and to stay proceedings pending disposition of the interlocutory

appeal, and the submissions of the parties with respect thereto, it is hereby **ORDERED** that said

motion is **DENIED**.

_____
William H. Yohn, Jr., U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CERTAINTEED CORPORATION,

      Plaintiff,

    v.

BOISE CASCADE CORPORATION,

      Defendant.

Civil Action No. 02-2677

Hon. William H. Yohn

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND APRIL 12, 2004 ORDER TO CERTIFY AN IMMEDIATE INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS

### I.    INTRODUCTION

Plaintiff CertainTeed has moved to certify the Court's Summary Judgment Order for an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and to stay this case in the interim. The motion should be denied. Interlocutory appeals are limited to exceptional cases that involve "a controlling question of law as to which there is a substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Although CertainTeed disagrees with the Court's conclusion that "Building Solutions" is descriptive and without secondary meaning, that disagreement does not arise from a "controlling question of law" for which there is a "substantial ground for difference of opinion." The Court applied the correct law, and based its decision on the fact that there was overwhelming evidence (including the admissions by CertainTeed's witnesses) that "Building Solutions" is descriptive, and there was a complete lack of evidence to establish that the term has acquired secondary meaning.

Further, an immediate appeal will not materially advance the ultimate termination of this case. In fact, an immediate appeal would unnecessarily delay the resolution of the issues. The only remaining issue in the case is narrow—whether CertainTeed can prove that Boise has

infringed its "sunflower" trademark (U.S. Trademark Registration No. 1,823,200). The trial of that issue will be short, in part because CertainTeed has made no direct use of the trademark (the use has been limited to a small residential contractor in the Boston area). Judicial economy is promoted by resolving this final issue in a short bench trial, and then, if CertainTeed still wishes to appeal, the Third Circuit may consider all issues at one time.

## II.   THE COURT'S ORDER DOES NOT INVOLVE A CONTROLLING QUESTION OF LAW FOR WHICH THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

CertainTeed's motion is based, ultimately, on the fact that it is not happy with the Court's Order. In its displeasure, CertainTeed fails to recognize that the Order does not involve a "controlling question of law as to which there is a substantial ground for difference of opinion . . . ." 28 U.S.C. § 1292(b). Boise also disagrees with portions of the Order. The Order does not address, for example, a straightforward and dispositive basis for granting summary judgment—the Third Circuit rule that a trademark registration cannot be infringed unless the accused infringer is using the registration for the specific services recited in the registration. *See National Footwear Ltd. v. Hart, Schaffner & Marx*, 760 F.2d 1383, 1395 (3d Cir. 1985) ("The Lanham Act provides that the protection afforded by registration extends to *'the goods or services specified in the registration . . . .'*") (emphasis in original). The right associated with a registered mark "extends only so far as the goods or services noted in the registration certificate." *Id.* at 1396 (quoting *Mushroom Makers, Inc. v. R.G. Barry Corp.*, 580 F.2d 44, 48 (2d Cir. 1978)); *see also Moore Push-Pin Co. v. Moore Business Forms, Inc.*, 678 F. Supp. 113, 116 (E.D. Pa. 1987) (noting that the "impact and scope" of trademark registrations are limited to the specific products and services recited therein).

CertainTeed has provided no evidence that Boise is using "Building Solutions" for the specific services recited in the two trademark registrations. With respect to the Sunflower Registration, for example, Boise does not perform the recited services of "residential and commercial building and construction; namely, carpentry additions and design consulting."

This, in itself, is a sufficient basis for granting summary judgment to Boise with respect to the Sunflower Registration.

Despite Boise's concerns on this issue and others,[1] Boise is not seeking an interlocutory appeal because it recognizes that the Court's Order does not involve a "controlling question of law as to which there is a substantial ground for difference of opinion . . . ." 28 U.S.C. § 1292(b). Interlocutory appeals are limited to exceptional cases:

> Section 1292(b) creates a narrow exception to § 1291 by allowing the district court to certify an interlocutory order for immediate appeal. Section 1292(b), however, requires that the order from which the appeal is taken must 1) involve a controlling question of law; 2) offer grounds for substantial difference of opinion; and 3) be of a nature that an immediate appeal would materially advance the ultimate termination of litigation.
>
> . . .
>
> It is well established that federal law expresses a strong policy against piecemeal appeals. *Freeman v. Kohl & Vick Machine Works, Inc.*, 673 F.2d 196, 201 (7th Cir. 1982). The Third Circuit has held that certification is to be used in exceptional cases where an immediate appeal would avoid protracted and expensive litigation. *Milbert v. Bison Laboratories*, 260 F.2d 431, 433 (3d Cir. 1958).

*Zygmuntowicz v. Hospitality Investments, Inc.*, 828 F. Supp. 346, 353 (E.D. Pa. 1993) (citations omitted).

The Order does not present a controlling question of law as to which there is a substantial difference of opinion. The Court's Order holds that the term "Building Solutions" is descriptive, and that no reasonable fact finder could find that it has acquired secondary meaning.

---

[1] Boise also believes that it is making fair use of "Building Solutions" as a matter of law. In rejecting Boise's argument of fair use, the Court may have been misled as to certain facts. The Court found, for example, that the "parties dispute whether Boise always uses the term Boise in association with the term 'Building Solutions.'" Order at 16 n.16. There is no evidence, and CertainTeed has offered none, that Boise has used the term "Building Solutions" without a reference to "Boise." Boise's uses of "Building Solutions" are accompanied by use of the term "Boise" in at least as prominent a manner. At best, CertainTeed can show two instances, one in a Boise annual report, and another from a former page on Boise's web site, where the term "Building Solutions" was used to reference Boise's division without being *directly* preceded by "Boise." In all of those instances, however, there were clear references to Boise on the same page.

CertainTeed has not identified any relevant "controlling question of law" in the Order. Instead, CertainTeed's complaints are directed at how the Court applied the law to the facts.[2] CertainTeed complains, for example, that the Court did not accord the "proper weight" to the argument that "the '753 Registration constitutes *prima facie* evidence that the mark is valid and inherently distinctive or has acquired distinctiveness." Memo at 2; *see also* at 8 ("The Court's analysis fails to afford the BUILDING SOLUTIONS mark of the '753 Registration the statutory presumption of validity under U.S.C. § 1115(a)."). That is not true. The Court expressly addressed the legal effect of the registration. *See* Order at 9 n.9.

CertainTeed then complains that the Court's Order has "confused the issues for trial" and that it "will be difficult to present a case to the jury when the registered word mark has been invalidated and the Court has not ruled on the common law mark." Memo at 3; *id.* ("[T]he Court's order does not leave CertainTeed with a clear way to present to the jury how its common law marks have attained secondary meaning."). First, as CertainTeed now concedes, there will be no jury trial—trial will be to the bench. Second, even if the Court did not expressly refer to CertainTeed's claim for common law trademark rights, that omission does not raise a controlling question of law. Third, the Court's reasoning obviously applies to CertainTeed's claim of common law trademark rights to "Building Solutions." The Court held the term "Building

---

[2] Many of CertainTeed's complaints are based on a mischaracterization of the Order and its context. CertainTeed characterizes Boise's motion, for example, as seeking summary judgment that CertainTeed's "registrations are invalid [and] that CertainTeed has no enforceable rights in the BUILDING SOLUTIONS mark as used with any of CertainTeed's goods and services . . . ." Memo at 2. That does not describe Boise's motion. The Court correctly characterized Boise's motion as seeking summary judgment because:

1) the term "Building Solutions" is generic when used to refer to building products and services;

2) Boise's use of the term "Building Solutions" constitutes a fair, descriptive use as a matter of law; and

3) there is no likelihood of confusion as a matter of law.

Order at 2.

Solutions" is descriptive without secondary meaning in light of the admissions by CertainTeed's witnesses, the third-party uses of the term, the survey evidence, and the absence of any proof of secondary meaning. As the Court held, the term "convey[s] an immediate idea of the ingredients, quality or characteristics of the goods [or services]." Order at 19. These findings foreclose CertainTeed from asserting that it has common law rights that preclude Boise from using the term "Building Solutions" to describe the business of its building division.

CertainTeed also complains that the Trademark Office did not require that CertainTeed "establish acquired distinctiveness for its BUILDING SOLUTIONS mark." Memo at 9. Again, this complaint is not directed at a "controlling question of law as to which there is a substantial ground for difference of opinion . . . ." Courts have often held that registered marks are invalid as descriptive. *See J & J Snack Foods Corp. v. Earthgrains Co.*, 220 F. Supp. 2d 358, 381 (D.N.J. 2002) (granting summary judgment that registered trademark "BREAK & BAKE" is not protectable because it is descriptive without secondary meaning).

CertainTeed also now, in an attempt to avoid descriptiveness, suggests that the services in its '753 trademark registration are narrow, and are distinguishable from the many other third-party uses of "Building Solutions." *See* Memo at 10 (arguing that the court "failed to take into consideration the fact that there was no evidence that any of those [third party] alleged uses were uses in association with the relevant services: marketing services, electrical power analyses, insulation services"). This argument about the proper significance of evidence does not raise a controlling question of law. Further, CertainTeed's arguments are directly contrary to its own assertions that the '753 trademark registration covers such services. In particular, CertainTeed has asserted that the registration covers Boise's use of "Boise Building Solutions" to describe the business of its building division.

In sum, CertainTeed has failed to identify any "controlling question of law as to which there is a substantial ground for difference of opinion," though such a question is a necessary predicate for an interlocutory appeal.

## III.    AN INTERLOCUTORY APPEAL WILL NOT MATERIALLY ADVANCE TERMINATION OF THIS CASE

CertainTeed must also demonstrate that the interlocutory appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In determining whether certification will materially advance the ultimate termination of the litigation, courts consider "whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Orson, Inc. v. Marimax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994). In *Orson*, for example, the court denied an interlocutory appeal because "an immediate appeal would not eliminate the need for trial" and a "trial would most likely occur on the remaining issues in this action regardless of the outcome of the interlocutory appeal." 867 F. Supp. at 322, *see also Zygmuntowicz*, 828 F. Supp. at 354 (rejecting interlocutory appeal because appeal will not "eliminate any issues, make discovery easier, nor make the trial less complex; if there is any impact, [it] will slightly complicate the trial . . .")

There is no plausible basis for CertainTeed to assert that an immediate appeal would eliminate the need for trial, eliminate complex issues, or make discovery easier and less costly. In light of the Court's Order, there is only a narrow issue remaining—whether CertainTeed can prove that Boise has infringed the "Sunflower" trademark registration. This will be a simple issue that will be tried to the Court. The Court will not need to hear much evidence for various reasons. First, there has been little use of the Sunflower mark by CertainTeed. All of such use has been limited to a residential contractor (Mr. Letovsky) in the Boston suburbs. Second, there will be little or no need to address any issues of damages. As discussed in Boise's motion to exclude Ms. Woodford's testimony, there is no legal basis for CertainTeed to recover damages under any of its claims. In light of the narrowing of the claims to the Sunflower Registration, which CertainTeed does not even directly use, there is even less a basis for any claim of damages. Further, there is no basis for the testimony of CertainTeed's "branding" expert— Mr. O'Connor—because his opinion was not based on use of the Sunflower mark.

The upcoming August 23rd trial will be short and would have been done by the end of next month but for CertainTeed's request for a continuance. This case has been pending for more than two years, and there is no need to delay the case further for an interlocutory appeal. *See Ground v. City of Oneonta*, 916 F. Supp. 176, 180 (N.D.N.Y. 1996) (rejecting interlocutory appeal because, in part, "the court has determined that certification of the question for appeal would delay, rather than expedite this torpid case"). The most expeditious way to resolve this case is to resolve the final issue of the Sunflower Registration, and then, if CertainTeed still wants to appeal, all issues can be addressed by the Third Circuit.

## IV.    CONCLUSION

For the reasons above, CertainTeed's motion should be denied.

Respectfully submitted this 13 day of May 2004.

By _____

David L. Grove (Pa. ID No. 14264)
James D. Cashel (Pa. ID No. 72056)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
Tel: (215) 772-1500
Fax: (215) 772-7620

and

Ramsey M. Al-Salam,
PERKINS COIE LLP
1201 Third Ave., Suite 4800
Seattle, WA  98191-3099
Tel:  (206) 359-8000
Fax:  (206) 359-9000

Jeffrey D. Neumeyer
Boise Cascade Corporation
1111 West Jefferson Street
P.O. Box 50
Boise, ID  83728
Tel:  (208) 384-7460
Fax:  (208) 384-4961

Attorneys for Defendant Boise Cascade Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that on this date he caused a copy of **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND APRIL 12, 2004 ORDER TO CERTIFY AN IMMEDIATE INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS (and Proposed Form of Order)** to be served upon the following persons by the method stated:

### By First Class Mail, Postage Prepaid:

Bruce P. Keller, Esquire
DEBEVOISE & PLIMPTON
919 Third Avenue
New York, NY 10022

### By First Class Mail, Postage Prepaid:

Roberta Jacobs-Meadway, Esquire
Lynn E. Rzonca, Esquire
Richard Pierce, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

DATED: May 13, 2004

James D. Cashel