IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CERTAINTEED CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 02-2677 |
| | ) | |
| v. | ) | Hon. William H. Yohn |
| | ) | |
| BOISE CASCADE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of defendant's motion for summary judgment on plaintiff's claim for common law trademark infringement, and the submissions of the parties with respect thereto, it is hereby **ORDERED** that said motion is **GRANTED**.

_____
William H. Yohn, Jr., U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CERTAINTEED CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 02-2677 |
| | ) | |
| v. | ) | Hon. William H. Yohn |
| | ) | |
| BOISE CASCADE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S CLAIM FOR COMMON LAW TRADEMARK INFRINGEMENT**

Defendant Boise Cascade Corporation hereby moves the Court for an order granting summary judgment in its favor and against plaintiff CertainTeed Corporation on plaintiff's claim for common law trademark infringement.

In support of this motion, defendant incorporates by reference, as if set forth fully herein, its accompanying brief and its prior motion for summary judgment (including defendant's Brief in Support of its prior Motion for Summary Judgment, Statement of Material Facts and exhibits thereto (including the Declaration of Nick Stokes and the Declaration of Greg Brooks), the Declaration of William D. Fisher, and defendant's Reply Brief and supporting papers).

WHEREFORE, defendant Boise Cascade Corporation respectfully requests that this Court grant its motion for summary judgment on plaintiff's claim for common law trademark infringement and award defendant such other and further relief as the Court deems just, equitable and proper.

DATED this 28th day of May 2004.

By: _____

Ramsey M. Al-Salam
PERKINS COIE LLP
1201 Third Avenue, Ste. 4800
Seattle, WA 98101
(206) 583-8888

David L. Grove (Pa. ID No. 14264)
James D. Cashel (Pa. ID No. 72056)
Montgomery, McCracken,
    Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
Tel: (215) 772-1500
Fax: (215) 772-7620

Jeffrey D. Neumeyer
BOISE CASCADE CORPORATION
1111 West Jefferson Street
P.O. Box 50
Boise, ID 83728
(208) 384-7460

Attorneys for Defendant
Boise Cascade Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CERTAINTEED CORPORATION,    )
                                       )
              Plaintiff,      )     Civil Action No. 02-2677
                                       )
    v.                     )     Hon. William H. Yohn
                                       )
BOISE CASCADE CORPORATION,    )
                                       )
             Defendant.     )

## DEFENDANT BOISE CASCADE CORPORATION'S
## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON
## PLAINTIFF'S CLAIM FOR COMMON LAW TRADEMARK INFRINGEMENT

### I.    INTRODUCTION

Defendant Boise Cascade Corporation ("Boise") seeks summary judgment with respect to plaintiff Certainteed Corporation's claim that it has common law trademark rights in the term "Building Solutions" that have been infringed by Boise. Summary judgment should be granted because: (1) the issue was fully addressed in connection with Boise's prior summary judgment motion; and (2) the Court's summary judgment Order disposes of Certainteed's claim.

Certainteed's claim for common law trademark infringement requires that Certainteed prove, among other things, that: (1) "Building Solutions" is inherently distinctive (i.e., is not a generic or descriptive term); or (2) the term is descriptive, but has acquired secondary meaning. Both of these issues have already been considered by the Court, and rejected in its summary judgment Order. The Court's Order concludes that the term "Building Solutions" is at least "descriptive" for building products and services, and that Certainteed has not provided evidence sufficient to create a genuine issue of fact as to secondary meaning associated with the term. The reasoning in the Court's Order cannot be reconciled with Certainteed's maintenance of its common law claim.

This motion is based upon the papers and pleadings on file, including the papers previously submitted in connection with Boise's motion for summary judgment, and the Court's summary judgment Order.

## II.    THE PROCEDURAL CONTEXT FOR THIS MOTION

The Complaint in this case asserts two counts—one count under 15 U.S.C. § 1114 for infringement of Certainteed's registered trademarks, and one count for false designation of origin under 15 U.S.C. § 1125. Both counts arise from Certainteed's claim that it has trademark rights in the term "Building Solutions," and that Boise's use of the term "Boise Building Solutions" for its building business has created a likelihood of confusion in the market.

On July 10, 2003, Boise moved for summary judgment on both of Certainteed's claims, and requested an award of attorneys' fees and costs. Boise's motion was not limited to Certainteed's registered trademarks. Instead, Boise asserted, among other things, that the term "Building Solutions" is generic and/or Boise is using the term in a fair descriptive manner. _See_ Boise Memorandum in Support of Motion for Summary Judgement at 1.

Certainteed opposed the motion on July 24, 2003, arguing, among other things, that it had made widespread and substantial use of the term "Building Solutions" to market its construction products. _See_ Certainteed Opposition at 1 (arguing that its trademark had become "strong" because it had been using it "for more than a decade in a program used by tens of thousands of architects, builders and contractors nationwide" and that the program has "contributed at least $600,000,000 in incremental sales of Certainteed's construction products and services.") Certainteed specifically argued that its mark "has become well and favorably known to the relevant trade and public through extensive, continuous, and substantially exclusive use." Id. at 4.

On April 12, 2004, the Court issued an order granting in part, and denying in part, Boise's motion. The Court granted summary judgment with respect to Certainteed's '753 registration, but denied it with respect to the '200 registration. In granting summary judgment with respect to

the '753 registration, the Court held that the term "Building Solutions" is a descriptive term for building products and services, and that there was insufficient evidence of secondary meaning.

Following the Court's Order, Certainteed moved to amend the order to certify an immediate interlocutory appeal and to stay proceedings in the interim. In that motion, Certainteed argued, among other things, that the Court's Order did not address "Certainteed's unregistered rights in the BUILDING SOLUTIONS mark as used in association with products such as decking and siding." Motion at 2; *see also* Motion at 3 ("It will be difficult to present a case to the jury when . . . the Court has not ruled on the common law mark.").

Boise opposed that motion, arguing, among other things, that the reasoning in the Court's Order clearly disposed of Certainteed's claim that it owns a common law trademark in "Building Solutions." During a conference call between the parties and the Court on May 14, 2004, the Court asked the parties to brief the issue of whether Certainteed's claim for common law trademark infringement was resolved by the reasoning in the Court's Order. The Court suggested that Boise should file a motion for summary judgment on Certainteed's common law claim. Boise agreed to file the motion by May 28, 2004, and Certainteed agreed to file its opposition within two weeks after that time. The Court directed that the motion be limited to whether the Court's Order resolved the issue of Certainteed's common law trademark claim, and should not re-address the arguments made in the underlying summary judgment briefing.[1] This motion is in response to the Court's Order.[2]

---

[1] Despite the Court's admonition, Boise suspects that Certainteed will try to use this opportunity to seek reconsideration.

[2] Because this motion is directed at interpreting the effect of the Court's summary judgment Order, Boise has not filed a separate statement of undisputed materials facts.

### III.    THE COURT'S APRIL 12 ORDER DISPOSES OF CERTAINTEED'S CLAIM OF COMMON LAW TRADEMARK RIGHTS

**A.    To Prove Common Law Trademark Rights, Certainteed Must Prove That "Building Solutions" Is Inherently Distinctive or Has Secondary Meaning**

To prove common law trademark infringement, Certainteed must show that it owns a common law trademark, and that the common law trademark has been infringed by Boise. To prove that it owns a common law trademark, Certainteed must prove that the term "Building Solutions" is either inherently distinctive or, if not, has acquired secondary meaning. *See Dranoff – Perlstein Assoc. v. Sklar*, 967 F.2d 852, 854 (3d Cir. 1992).

These requirements are consistent with Certainteed's pleadings. In its Complaint, Certainteed claims that the "BUILDING SOLUTIONS mark is inherently distinctive as a mark for construction products of Certainteed such as siding, roofing, decking, railing and fencing, insulation, windows, ventilation products, and pipe and foundation products." Complaint, ¶ 38. Certainteed also asserts that the term has "acquired distinctiveness [secondary meaning] by virtue of the nature and extent of Certainteed's use and promotion of the mark. . . ." *Id.*, ¶ 39. Certainteed then claims that "Boise's uses of BUILDING SOLUTIONS as a mark and name and component of a mark and name on and in connection with construction products, and in the marketing and advertising thereof, and in connection with its business in the construction products industry, constitute a false designation of origin or sponsorship which is likely to deceive purchasers, prospective purchasers, and members of the relevant trade and public, into believing that the products and business of Boise are those of Certainteed. . . . *Id.*, ¶ 40.[3]

---

3 Certainteed makes no express claim for common law trademark infringement in the Complaint, and never mentioned the term "common law trademark" in its opposition to Boise's motion for summary judgment. Nevertheless, Boise will assume, for the purposes of this motion, that Certainteed's common law trademark claim falls within the allegations of Count II of the Complaint for false designation of origin under 15 U.S.C. § 1125(a).

**B.    The Court's Summary Judgment Order Concludes That "Building Solutions" Is Not Inherently Distinctive, and Has Not Acquired Secondary Meaning**

As discussed above, Certainteed's claim of common law trademark rights requires Certainteed to prove that "Building Solutions" is inherently distinctive or, alternatively, has secondary meaning (i.e., "acquired distinctiveness"). The Court's Order clearly resolves those issues, and any argument to the contrary borders on frivolous. The Court's Order focuses on the protectability of the term "Buildings Solutions" in general. The analysis in the Order begins, for example, with the recognition that:

> Trademark law recognizes four separate categories of marks, listed here in order of decreasing distinctiveness: 1) arbitrary or fanciful terms, 2) suggestive terms, 3) descriptive terms and 4) generic terms.

Order at 6.

The Order then notes that a trademark plaintiff must prove, among other things, that "the mark is valid and legally protectable. . . ." Order at 7. The Order correctly notes that descriptive terms are never inherently distinctive, and that a party claiming trademark rights in a descriptive term "must show that consumers identify the term with the source, or the party claiming trademark protection." *Id.* at 7; *see also* Order at 21 (a term that "is not inherently distinctive is not protected unless the term has acquired secondary meaning.").

This reasoning is directly applicable to Certainteed's claim of common law trademark rights. Certainteed has the burden of proving it has a legally protectable trademark. To the extent it is claiming a trademark in a descriptive term, Certainteed must prove that the term has acquired distinctiveness through secondary meaning.

The Court's Order holds that there is a genuine issue of material fact as to whether "Building Solutions" is generic for building products and services. Order at 13. The Order also holds, however, that the term "Building Solutions" is descriptive. *See* Order at 19-21 (noting that the term conveys an immediate idea of the characteristics of the goods or services, and that widespread third-party use is evidence of descriptiveness). Because Certainteed's "mark is not inherently distinctive, Certainteed must rely on a showing that its mark has acquired secondary

meaning to make it legally protectable." Order at 21. The Order concludes that "Certainteed has not presented evidence such that a reasonable fact-finder could determine that the term has acquired secondary meaning." *Id.*

The Court's Order is summarized in footnote 2 of the Order, which states that "Building Solutions" "is not legally protectable because the mark is not incontestable as a matter of law and, at most, as a descriptive term, there is not sufficient evidence from which a reasonable fact-finder can conclude that it has acquired secondary meaning." Order at 2.

Although the Order does not expressly refer to common law trademark rights (neither does the Complaint nor Certainteed's opposition to Boise's motion for summary judgment), the reasoning in the Order is clearly directed at any such claim. Both Boise's motion and the Court's analysis concerned "Building Solutions" in general, and were not limited to the trademark registrations. Indeed, most of the case authorities cited in the Order on the issue of trademark protectability involve *unregistered* trademarks. See, e.g., *A.J. Canfield Co. v. Honickman*, 808 F.2d 291, 307-08 (3d Cir. 1985) (holding unregistered mark "Chocolate Fudge" was generic and unprotectable); *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 296 n.25 (3d Cir. 1991) (noting that because "Ghosted GT" mark was unregistered and descriptive, secondary meaning needed to be proven); *Dranoff-Perlstein Assoc.*, 967 F.2d at 860-61 (addressing descriptiveness of unregistered mark for "Injury-1"); *Lucent Info. Mgmt., Inc. v. Lucent Technologies, Inc.*, 186 F.3d 311 (3d Cir. 1999) (addressing claim of alleged common law rights in "Lucent"). There is no plausible basis for Certainteed to argue that, in light of the Court's Order, it may still maintain a claim that "Building Solutions" is inherently distinctive or has acquired secondary meaning – the Court's Order squarely addresses those issues. The Court has already held that the term "Building Solutions" is not protectable as part of the '753 registration. If it is not protectable as a registered trademark, it is certainly not protectable as an unregistered common law mark.

## IV.    CONCLUSION

For the reasons above, the Court should grant Boise summary judgment on Certainteed's common law trademark claim.  The only possible issue for trial is Certainteed's claim under the '200 trademark registration.

Respectfully submitted this 28th day of May 2004.

By: _____
Ramsey M. Al-Salam
PERKINS COIE LLP
1201 Third Avenue, Ste. 4800
Seattle, WA  98101
(206) 583-8888

David L. Grove (Pa. ID No. 14264)
James D. Cashel (Pa. ID No. 72056)
Montgomery, McCracken,
    Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
Tel: (215) 772-1500
Fax: (215) 772-7620

Jeffrey D. Neumeyer
BOISE CASCADE CORPORATION
1111 West Jefferson Street
P.O. Box 50
Boise, ID  83728
(208) 384-7460

Attorneys for Defendant
Boise Cascade Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that on this date he caused a copy of **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR COMMON LAW TRADEMARK INFRINGEMENT (and Supporting Brief and Proposed Form of Order)** to be served upon the following persons by the method stated:

**By First Class Mail, Postage Prepaid:**

Bruce P. Keller, Esquire
DEBEVOISE & PLIMPTON
919 Third Avenue
New York, NY  10022


**By Hand:**

Roberta Jacobs-Meadway, Esquire
Lynn E. Rzonca, Esquire
Richard Pierce, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103


DATED: May 28, 2004

James D. Cashel